BLACKMAN and another vs. TOWN OF DUNKIRK.

*Equitable defense to legal action.—Payment of assigned claim to assignor.*

Where one assigned a claim against a town, with an agreement that a certain part thereof, when collected, was to be paid to himself, and subsequently procured the claim to be paid by the town to a third party, after demand therefor made by the assignees on the town: *Held*, in an action by the assignees against the town, that such payment was a defense as to so much of the amount as, if paid to plaintiffs, would have been due from them to the assignor.

APPEAL from the Circuit Court for *Dane* County.

Action on a claim for bounty assigned to plaintiffs. On the 16th of January, 1864, William H. Cook became entitled to $200 of bounty from the defendant, as a volunteer in the U. S. service from that town. On the 2d of February, 1864, he assigned his claim to plaintiffs; and in the written assignment authorized the town clerk to deliver to them all orders drawn in his favor upon said claim. The complaint alleges that this assignment was for a valuable consideration. On the 10th of the same month plaintiffs presented their claim to the town board, which refused to allow it. The defense was, that on the 16th of January aforesaid, the town board audited and allowed to said Cook the sum of $200, payable, $100 on demand, and $100 on the 1st of July following; and the chairman of the board, on the same day, drew orders on the town treasurer, payable as above, and delivered them to one Isaac Gregory for said Cook, and Gregory received them for Cook, as he was authorized to do; that Cook afterwards assigned them for value to Gregory, to whom the amount thereof was paid by the town

treasurer, under the direction of the board; that plaintiffs took the alleged assignment of the claim to them, with knowledge that said orders had been issued, and were outstanding in the hands of Cook or his agent or assignee; and that they did not make any advance for the same, but were to pay over to Cook all they should receive on the claim over $25.

At the trial, there was evidence tending to sustain the allegations of the answer. Martin Cook, the father of said William H. Cook (who died in the service), being called for the plaintiffs, upon his cross-examination, testified that the assignment to plaintiffs was delivered to them upon the terms that they were "to pay said William H. $175 for it;" that nothing was said as to *when* it was to be paid, and nothing about the $25 balance; that no money was paid nor note given; that he (witness) supposed plaintiffs were to have the $25 for advancing the money; but that they had never paid or advanced the money to any one yet. There was no evidence tending to show that plaintiffs had ever paid anything to Cook or any person for him on account of the assignment made to them, but it appeared that one of the plaintiffs had accepted, on the 6th of February, an unstamped order drawn on him personally by William H. Cook in favor of his brother, John Cook, for $175, on account of said assignment. The court refused the following, among other instructions, asked by defendant: that if plaintiffs had not paid anything, and still owed Cook, and if the latter, after assigning the claim to them, procured payment of the bounty to be made by the town to himself, that would be a defense to this suit. The court then gave the instruction quoted in the opinion, *infra.* Verdict for plaintiffs; new trial denied; and judgment upon the verdict; from which defendant appealed.

*Hopkins & Foote*, for appellant, to the point decided by the court, cited *Wiffen vs. Roberts*, 1 Esp. R., 261; 5 Paige, 311; *Woodward vs. Hill*, 6 Wis., 143–153; *Burtnett vs. Gwynne*, 2

Abb., 79 ; *Bank vs. Perkins*, 29 N. Y., 554 ; *Parker vs. Syracuse*, 31 id., 376.

*E. & C. T. Wakeley*, for respondents.

Downer, J.   The circuit court erred in instructing the jury that " if the town authorities, after notice of the assignment to *Blackman & Boyce*, paid this claim or any part of it to Cook or Gregory, such payment does not affect *Blackman & Boyce*, unless you should find that payment was made by their assent or the assent of their agent or attorney."

It is not necessary to examine in detail the evidence.   It is clear that there was testimony before the jury tending to prove that Wm. H. Cook assigned his claim against the town for $200 bounty money to the respondents for the purposes of collection, and that they were to have $25, and pay to him $175 : and that the order of Wm. H. Cook in favor of John Cook, his brother, on *Boyce*, and by him accepted, was without consideration, and given to enable John Cook, as the agent of William, to get the money.   There was also evidence tending to prove that John Cook knew of William getting the money, and assented to it.   If the jury had found the evidence sufficient to prove the facts it tended to prove, then, if either the respondents or John Cook had received the money, they would have received it for the use and benefit of William Cook, except perhaps the sum of $25.   If so, why would not a payment by the town directly to William Cook, for so much of the money as either his brother or the respondents would have received (if it had come to his or their hands) for the use of William Cook, be valid ?   William, if not at law, certainly in a suit in equity in which all the parties interested should be before the court, with the same evidence as in this case, if the court found proven what the evidence tended to prove, could have recovered a judgment against the town, either for the two hundred dollars or for such part of it as, if paid to his brother or *Black-*

*man & Boyce*, would have been received for his use.  If so, and the town paid it without such suit, the payment, at least in equity, must be good.   The instruction given ignores entirely all the evidence tending to prove that William Cook, notwithstanding the assignment, still had an interest in the claim; and for that reason it is erroneous, and the judgment must be reversed.

We say nothing about the other points, as it is probable, from the affidavits used on the motion for a new trial, that the testimony may be different on another trial.

*By the Court.*—Judgment of circuit court reversed, and a *venire de novo* awarded.