## Catholic Order of Foresters v. Edward Fitzpatrick.

1. BENEVOLENT INSURANCE—*Forfeitures—Notice.*—Where the assessments of a benevolent insurance society do not occur at stated intervals, of which the members are bound to take notice, in order to insist upon a forfeiture of a member's rights for a failure to pay an assessment, it must be shown that notice of such assessment was given as provided by the by-laws.

**Assumpsit,** upon a certificate of a benevolent insurance society. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Submitted at the March term, 1895. Affirmed. Opinion filed April 22, 1895.

E. S. CUMMINGS, attorney for appellant.

APPELLEE'S BRIEF, KAVANAGH & O'DONNELL AND F. T. COLBY, ATTORNEYS.

The giving of notice is a condition precedent, and good standing is not lost by a failure to pay an assessment, of which no notice was given through the fault or misconduct of a supreme lodge or society, or its officer. Niblack, Ben. Soc. (2d Ed.) 257; Hall v. Sup. Lodge K. of H., 24 Fed. Rep. 450; Covenant Mut. v. Spies, 114 Ill. 463.

A member is entitled to notice of an assessment before he can be declared in default for his non-payment. Supreme Lodge v. Dalberg, 138 Ill. 508.

The giving of the notice being a condition precedent, the facts showing that the notice provided by the contract of insurance has been given should be set out in pleading and proved at trial. Coyle v. Kentucky Granger (Ky.), 2 S. W. Rep. 676.

Where notice through mails is relied on, it must clearly be shown, both in pleading and evidence, that the communication was placed in the postoffice, properly directed, and stamped according to law. N. W. Association v. Sehauss, 148 Ill. 304.

Where the only means which a subordinate lodge or a

member of a benefit association has of knowing when an assessment is due to the order or association, is by a notice from the supreme lodge or governing body, unless notice is given, no rights are lost. When in the contract a notice is provided for and not given, no tender of the amount of any assessment is necessary in order to prevent a forfeiture of membership. A member is entitled to notice of an assessment, before he can be declared in default for his non-payment. Hall v. Supreme Lodge, 24 Fed. Rep. 450; Covenant Mut. v. Spies, 114 Ill. 463; Supreme Lodge v. Dalberg, 138 Ill. 508.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment rendered upon a certificate issued by a benevolent insurance society.

The defense to the action was that the insured, Hugh Fitzpatrick, had by failure to pay assessments forfeited his membership.

Sections 4, 5, 7, 8, of article 11, and section 4 of another article of the constitution and by-laws of the order are as follows :

" SEC. 4. In order to avoid delay in the payment of the sum due the beneficiaries of a deceased member, the High Court shall make an assessment per capita of every member of the courts subject to assessment for such purpose, with the provision mentioned in section 2 of this endowment law; and after the payment of such sum at the death of a member they shall make a similar assessment, so as to have always on hand the requisite amount for a similar purpose.

SEC. 5. Each subordinate court receiving the notice of such an assessment made by the High Court shall forward within fifteen days to the High Treasurer the sum required.

SEC. 7. Any member suspended or expelled from the order for any cause whatever, forfeits all claim to the endowment fund during his suspension or expulsion.

SEC. 8. When the subordinate court shall have paid the

death assessments called for by the H. C., which shall be paid on the order of C. R. and secretary, and reported at next meeting, then the court shall at once call on the members to pay the amount of one assessment, equal to the last one, into the court treasury, so as to keep one assessment always on hand, except when the court treasury has an amount equal to an assessment over and above the sum of $5 for each member of the court in good standing, then the surplus can be applied to the payment of the endowment.

SEC. 4.   The financial secretary shall keep an account of the indebtedness of each member, with the amount received from each, and at the close of each meeting he shall pay the same over to the treasurer, taking his receipt therefor.   He shall immediately, on receipt of same, mail the notice of endowment and special assessments to each member, to the latest address furnished by the member.   At the date when a member becomes in arrears he shall notify the recording secretary and the High Secretary of the same."

Section 1 of article 9 is as follows:

### ARTICLE IX.

#### SUSPENSION AND REINSTATEMENT.

" Section 1.   Any member in arrears for endowment, regular or special assessment, dues or fines, shall not be entitled to or receive the pass-word or other privileges of the order, nor to vote, or speak on any question, or be eligible for any office, or receive any benefit from the court, and if he fails to pay such arrears for the space of one month, except such arrears be for endowment assessment, which must be paid by the last day of the month following the month in which the assessment was called, he shall stand suspended from the order; and it is hereby specially ordered that regular dues are payable on the first meeting night after the time specified in the call for same."

It is clear that under the provisions of section 8, before any member can be in arrears for an assessment, he must have been called upon to pay the same.   And it is equally clear that before the certificate of a member can be

forfeited or he be suspended so as to lose the benefit of his membership for non-payment of an assessment, he must have had notice of such call.

It does not appear that Hugh Fitzpatrick had notice that any call for the payment of the assessments which he failed to pay had ever been made.

These assessments were not a thing occurring at stated intervals of which he was bound to take notice.

There is nothing to show that he knew that any of these assessments had been made.

It was the duty of the financial secretary to mail to the latest address of each member notice of each assessment. It does not appear that any such notice was ever mailed to or received by Hugh Fitzpatrick.

He could not have been, under such state of facts, properly suspended. Covenant Mut. v. Spies, 114 Ill. 463; Supreme Lodge v. Dalberg, 138 Ill. 508; Niblack, Ben. Soc. (2d Ed.), 257.

The judgment of the Circuit Court for the amount of the insurance to Hugh Fitzpatrick is therefore affirmed.