A. J. MILLER, Defendant in Error, *vs.* THE ASSURED'S NATIONAL MUTUAL FIRE INSURANCE COMPANY, Plaintiff in Error.

*Opinion filed June 16, 1914—Rehearing denied October 7, 1914.*

INSURANCE—*what is not a failure of consideration for insurance contract.* If the contract between a fire insurance company and a property owner is that the policy shall become effective upon its acceptance by the assured, and the assured accepts the policy upon the understanding that he will be credited on the policy with any return premium which might be collected by the company on a former policy issued by another company then in the hands of a receiver, the obligation of the assured to assign the old policy to the new company is binding upon him, and if he fails to execute the assignment sent to him by the company he is liable for the full amount of the premium, but his failure to execute the assignment does not constitute a failure of consideration and does not authorize the company to rescind its contract.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. W. G. COCHRAN, Judge, presiding.

WILEY & MOREY, (GILLESPIE & FITZGERALD, of counsel,) for plaintiff in error.

SHERIDAN & GRUBER, and LEFORGEE, VAIL & MILLER, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Defendant in error, A. J. Miller, (hereafter called plaintiff,) a resident of the State of Indiana, prior to December 23, 1909, was the owner of a certain brick building in Varna, Illinois, which building, together with other property belonging to plaintiff, had been insured in the Illinois National Fire Insurance Company, which company went into the hands of a receiver and was in process of dissolution at the time of and prior to the above named date. Plaintiff in error, the Assured's National Mutual Fire Insurance Company, (hereafter called defendant,) by an arrangement with the receiver of the Illinois National Fire Insurance Company was attempting to re-write and take over the insurance of said last named company. Certain correspondence for the insurance of the property was had between L. A. Miller, son and agent of plaintiff, and the receiver for the Illinois National Fire Insurance Company and the defendant company, dating from October 4, 1909, to December 6 or 10, 1909, relative to defendant's taking over the contracts of insurance on plaintiff's buildings written by the Illinois National Fire Insurance Company. A policy was issued by defendant and sent to plaintiff's agent insuring the Varna property against all direct loss or damage by fire from the 29th day of November, 1909, to the 16th day of July, 1912. On December 20, 1909, plaintiff's

building at Varna was destroyed by fire. Notice was given defendant December 23, 1909, and proof of loss filed January 4, 1910. January 10, 1910, proofs of loss were returned to plaintiff by defendant, who denied all liability. Plaintiff filed his declaration in assumpsit in the circuit court of Macon county April 19, 1910, and by agreement the cause was heard by the court without a jury and judgment rendered for plaintiff in the sum of $2033.17 and costs. Upon appeal to the Appellate Court for the Third District the judgment was reversed and the cause remanded for error committed on the trial, and upon the case being re-instated in the circuit court defendant filed six additional pleas. Demurrers were sustained to all such pleas except the second and sixth, to which replications were filed. Defendant amended its third, fourth and fifth additional pleas, to which demurrers were again sustained and defendant elected to stand by its pleas. These pleas purported to be pleas of failure of consideration. The cause was again tried April 12, 1912, and, upon motion of the plaintiff, at the close of all the evidence the court directed the jury to return a verdict in his favor in the sum of $2173, which was accordingly done. A motion for a new trial was overruled and judgment was entered on the verdict. This judgment was affirmed by the Appellate Court for the Third District, and the cause now comes to this court for review upon a petition for writ of *certiorari.*

Defendant assigns as grounds for reversal the giving of the peremptory instruction by the trial court at the close of all the evidence, the sustaining of demurrers to defendant's third, fourth and fifth amended additional pleas, the holding that there was a contract of insurance between the plaintiff and defendant, and in refusing certain testimony offered to impeach plaintiff and his son.

It is not denied by defendant that the policy in suit was issued and sent to plaintiff's agent, and the principal question involved is whether such policy became a binding con-

tract between the parties. To determine this question it is necessary to review the correspondence between defendant and plaintiff's agent, together with the terms and provisions of the policy itself.

On October 4, 1909, plaintiff's agent, L. A. Miller, wrote the Illinois National Fire Insurance Company with reference to insurance on buildings owned by him in Fairview, Illinois. This letter was turned over to defendant, who answered October 9, 1909, advising said L. A. Miller that the business of the Illinois National was being turned over to it, and sent L. A. Miller for his approval a policy on the Fairview property inquired about. On November 19, 1909, defendant again wrote L. A. Miller asking him to pay for the policy sent on approval October 9, 1909, or to advise if he would accept it, and again stating the defendant company was taking over a large portion of the business of the Illinois National. On November 21, 1909, L. A. Miller answered the letter of November 19 as follows: "Note you say that you have taken over the business of the Illinois National, but I have a $2000 policy covering some property in Varna, Illinois, that it seems you have not taken over, as the receiver for the company has asked me to file a claim for the amount of the premium paid, and I take it for granted that the policy is as good as nothing." On November 27 defendant wrote L. A. Miller it had instructed its policy clerk to forward him a policy for $2000 to cover the Illinois National policy that had not as yet been sent him, and stating that on receipt of said Illinois National policy he could send same to defendant, and "we will collect the return premiums from them and apply the same to your policy when collected." Defendant in this letter further assured L. A. Miller it was taking over the business of the Illinois National Company as fast as it could, and assured him that he was "being properly taken care of in all matters pertaining to your insurance." L. A. Miller again wrote defendant November

30, 1909, acknowledging receipt of the letter of November 27 and also the policy issued in place of the policy issued by the Illinois National on the Varna property in the name of A. J. Miller, and stated the same was satisfactory, and "I'll accept same, providing I can have credit for the value of the old policy at once and pay the difference, but would want this new policy to be in effect from the date on the same." He also said the old policy on the Varna property had been forwarded to the receiver of the Illinois National but supposed it could be recalled. On December 6, 1909, defendant wrote L. A. Miller in regard to insurance on property in Fairview, Illinois, and in regard to the Varna property stated: "We likewise enclose you an assignment blank for the Illinois National return premiums. We can take this and recall the order [evidently meaning policy] you have sent Mr. Bunn, the receiver."

The foregoing is the admitted correspondence had between the plaintiff's agent and defendant prior to the fire. L. A. Miller testified he wrote defendant on December 10 acknowledging receipt of the letter of December 6 and enclosing the assignment, properly signed, and stating his understanding was the return premium was to be credited on the new policy issued on the Varna property, he to pay the difference in amounts, and that the policy is now in effect, and promising to send the difference as soon as he received a statement of the amount. Defendant denies having received this letter or the assignment A. L. Miller testified was enclosed therein. From this correspondence, together with the following provision of the policy sued on, is to be determined whether a contract was entered into between defendant and plaintiff, by his agent, for the insurance on the Varna property: "This policy is sent subject to the approval of the assured, and will not be in effect until after the assured has notified the company at its office in Decatur, Illinois, of his acceptance of the policy and received the company's acknowledgment of same."

It is conceded that before there could be a recovery in this case there must have been a valid, existing contract, and we are of opinion that the written provision of the policy before set out was binding upon plaintiff. The question then is, was there a completed contract of insurance entered into? It is the contention of defendant that the contract was not complete; that it was a consideration for the issuing of the policy that plaintiff should assign to defendant his claim for unearned premiums against the Illinois National Insurance Company, and that such assignment was necessary to the validity of the policy. Plaintiff's agent testified he signed the blank assignment sent him by defendant and returned it to defendant by mail December 10. Defendant denied receiving it, and under this state of the evidence it is claimed the trial court erred in directing a verdict for plaintiff. If the assignment was the consideration for the contract and necessary to give effect to the policy sued on this would be true, but we do not so interpret the agreement. The correspondence between the parties shows the consideration was the acceptance of the policy by plaintiff and his agreement to pay the premium charged, less what was collected from the receiver, which was to be paid to defendant and applied upon the premium on the policy in suit, the policy to be effective from its date. We think defendant's letter of December 6 was a sufficient acknowledgment of plaintiff's acceptance of the policy. It is clear the parties understood it might take some time to collect a claim against the Illinois National Insurance Company, and until that was done the amount of the premium on defendant's policy plaintiff would be required to pay in cash could not be determined. The policy was not to remain ineffective until that time, but was to be effective from its date. Neither by the correspondence between the parties nor by the provision in the policy was the assignment of the claim against the Illinois National Insurance Company or the payment by the plain-

tiff of the difference on the premium made a condition upon which the policy was to take effect. It therefore follows that if it be admitted plaintiff did not make a written assignment, the consideration for the contract did not fail and did not render the policy of insurance void. The plaintiff's liability to make the assignment of the old policy claim and make the payment of the balance due still remained an enforceable obligation.

The third amended plea, to which the court sustained a demurrer, in substance alleged that the consideration for issuing the policy sued on was the promise or agreement of plaintiff to assign to defendant his claim for the return premium of the policy on the Varna property in the Illinois National Insurance Company, which plaintiff alleged he had filed with the receiver of said company, whereas he had not filed a claim with said receiver but failed and neglected to do so, by reason whereof the assignment of said claim was void and the consideration for issuing the policy wholly failed. The fourth amended plea, in substance, alleges that before the policy sued on was executed and delivered plaintiff agreed to assign to defendant a policy on the same property in the Illinois National Insurance Company, then in the hands of a receiver, and purported to make and deliver to defendant an assignment of said policy; that plaintiff represented he had filed said policy with the receiver of the Illinois National Insurance Company, and, the sole consideration being the assignment of said policy, defendant agreed to issue the policy sued on. The plea alleges that plaintiff had not at the time of making the assignment filed, and did not afterwards file, his Illinois National insurance policy with the receiver, whereby the assignment, which was the sole consideration for the contract sued on, was void and the consideration wholly failed. The fifth amended plea is substantially like the fourth.

The pleas assume an assignment was made, but the third plea alleges it was void because no claim was filed by

plaintiff with the receiver of the Illinois National Insurance Company, while the fourth and fifth pleas allege the assignment was void becauses plaintiff had not filed his policy with the receiver. So far as the fourth and fifth pleas are concerned, if they were good pleas,—which we think they were not,—they were disproved by defendant's own testimony. T. W. Kussmaul, who was clerk to the receiver of the Illinois National Insurance Company, was called as a witness by defendant and testified the policy was received by the receiver. The policy was produced to the witness, and bore the notation, "Don't surrender policy unless ordered by P. B. S.—Per J. F. B." The witness testified the notation was in his handwriting, and "P. B. S." meant Percy B. Sullivan, who is president of defendant. Neither did the third plea present a material issue. That the claim assigned should be a valid one was not a part of the contract. Defendant's letter of December 6 we think must be construed as an acceptance of an agreement to the conditions of plaintiff's letter of November 30. In plaintiff's letter he expressed his satisfaction with the policy issued and sent him by defendant if he could be credited on the premium charged for it the value of his policy in the Illinois National Insurance Company and the policy be effective from its date. Defendant replied it was enclosing him a blank assignment for the Illinois National return premium, which would enable it to recall the order (policy) sent by plaintiff to the receiver. The parties had agreed that defendant was to get whatever might be collected as return premium on the Illinois National policy, credit it on the premium on the policy sued on, (plaintiff to pay the difference,) and that the policy should be in force from its date. A promise of defendant to assign a valid claim against the Illinois National Insurance Company was not the consideration for the contract nor a condition precedent necessary to its validity. (*Gage* v. *Lewis,* 68 Ill. 604; *Willets* v. *Burgess,* 34 id. 494; *Commercial Marine Ins.*

*Co.* v. *Union Mutual Ins. Co.* 19 How. 318.) The agreement of plaintiff to assign whatever claim he had against the Illinois National Insurance Company was a valid agreement and binding upon him, but his failure to perform it did not authorize defendant to rescind the contract. If he had no claim against the Illinois National Insurance Company, or if by his failure to keep his agreement it was not collected, he owed and was liable to the defendant for the whole of the premium charged for the policy. The contract of insurance was no more contingent upon the assignment than would be a policy where a note was given for the premium but was not paid at maturity and before the loss occurred. In such case, in the absence of a provision in the policy that a failure to pay a note given for the premium should operate as a forfeiture, the policy continues in force. *Mutual Life Ins. Co.* v. *Allen,* 212 Ill. 134; *Massachusetts Life Ass'n* v. *Robinson,* 104 Ga. 256; 42 L. R. A. 261; *Arkansas Ins. Co.* v. *Cox,* (Okla.) 20 L. R. A. [N. S.] 775; 19 Cyc. 606, 773; 16 Am. & Eng. Ency. of Law, 859.

For the reasons stated, the trial court did not err in sustaining the demurrer to the third, fourth and fifth additional pleas.

If we are correct in the foregoing views, then evidence offered to impeach L. A. Miller was immaterial, as in our view it was immaterial whether he made and sent to defendant a written assignment of the claim or not.

There was no conflict in the evidence material to the issues, and we are of opinion the trial court did not err in directing a verdict for plaintiff and that the Appellate Court did not err in affirming the judgment.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*