# C. A. Samuel, Plaintiff in Error, v. I. S. Coles, trading as Rush City Express Company, Defendant in Error.

## Gen. No. 21,303.

1. ASSIGNMENTS, § 25*—*what is assignee's interest in wages assigned as security for debt.* Where a debtor assigns his wages as security for his debt, the assignee's interest in such wages is limited to the amount of the debt.

2. USURY, § 25*—*what is effect of inclusion of in note.* The inclusion of usury in a note defeats a claim for lawful interest even when expressly stipulated for.

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed February 7, 1917.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WOODBURY & WOODBURY, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE GOODWIN delivered the opinion of the court.

Plaintiff in error sued out this writ to reverse a judgment in his favor for $16, and to secure the entry of a judgment here for $96. The plaintiff brought suit to recover on an assignment made by one Webster of wages due and to become due from the defendant. It appears from the evidence that Webster borrowed $35 from the Fidelity Loan Company, August 19, 1910, and had paid $15.20 by August, 1912, and that there was still due, at that time, $19.80. Plaintiff, who was the then owner of this claim, obtained a note from Webster. It appears from plaintiff's own testimony that at the time he became the owner of the note he knew that the Fidelity Loan Company was engaged in lending money at usurious rates of interest. No consideration for the giving of the note for $30, beyond the legal claim of $19.80, appeared except usury. The note taken included power of attorney to confess judgment for amount named and $15 as attorney's fees, and also an agreement to pay $15 if suit was begun on the note. To secure payment, plaintiff made an assignment of the wages due and to become due from the defendant, "up to and including the last day of ——————." It appeared that $2 were paid on the note September 6, 1912, and $2 September 21, 1912. Notice of the assignment was given the defendant in November, and suit was brought April 8, 1913. It appears that there was nothing due from the defendant to Webster at the time this suit was brought, but plaintiff contended, and contends here, that he was entitled to have a judgment for the full amount of Webster's wages from the time notice of the assignment was

given to the date when suit was begun, less the $4 paid.

While no briefs have been filed on behalf of defendant in error, we think that the case is governed by certain fundamental principles of law, so well established as to require few citations to support them. It will be noted that the assignee of the unearned wages brings this suit in his own name for the amount due his assignor. Originally, at common law, no suit could be maintained by an assignee, either in his own name or in the name of his assignor, but gradually, for equitable reasons, this rule was relaxed, and the assignee was first permitted to maintain a suit in the name of the assignor, and, more recently, in his own name against the assignor's debtor. Had suit been begun by Woodbury for his own benefit, the payment to him would, of course, have been an absolute defense, and it would be a good defense at law to a suit brought for the benefit of the assignee, if the courts did not, for equitable reasons, estop the defendant from availing himself of it to the injury of the assignee, where payment is made with notice of the assignment. But this equitable principle cannot be invoked to estop the debtor any further than is necessary to protect the actual interest of the assignee in the chose in action. If, therefore, the interest of the assignee is not absolute, but qualified, payment to the assignor will protect the debtor except as to the actual interest of the assignee. The question, therefore, is, what was the interest of the plaintiff here in Webster's wages? The assignment itself shows that it was given to secure Webster's indebtedness to the plaintiff, and it therefore could not extend beyond the amount actually due. We are therefore of the opinion that a judgment in such a case should be limited to the amount of the assignor's actual indebtedness to the assignee, which the assignment is given to secure. This is directly supported by *Sanders v. Soutter,* 136 N. Y. 97, where

the Duchesse D'Auxy, who had assigned her interest in an estate to secure an obligation of $2,250, afterwards executed a release to the executors which was in fraud of the rights of the assignee. The court there held that the amount which the latter was entitled to recover was limited to $2,250, although the assignor's interest in the estate exceeded that amount. To the same effect, see *Blackman v. Town of Dunkirk,* 21 Wis. 36.

The sole question before the court, therefore, was as to the amount due from Webster to plaintiff. The undisputed evidence showed that amount to be $15.80. Plaintiff claimed in addition that there was due $15 under the power of attorney and agreement in regard to attorney's fees, but the evidence fails to disclose that suit had been brought on the note, or a confession of judgment entered. The question of whether such an agreement to pay attorney's fees in connection with the enforcement of a note in a large part usurious, could be enforced is, therefore, not before us.

There is no validity in the claim that interest should have been allowed, since the inclusion of usury in a note defeats a claim for lawful interest, even when expressly stipulated for.

For the reasons given, the judgment of the Municipal Court will be affirmed.

*Affirmed.*