## Nora Palmeter, Appellee, v. Court of Honor, Appellant.

1. INSURANCE—*when shown that deputy and officers of local court knew true occupation of insured.* In an action on a mutual benefit certificate, in the application for which certificate it was stated that insured was a stationary fireman, and in which the defense was that deceased was engaged in the prohibited employment of electric lineman, evidence *held* sufficient to show that the deputy who took the application and the officers of the local court knew the true occupation of insured to be that of electric lineman.

2. INSURANCE, § 726*—*when knowledge of local court is chargeable to insurer.* A local court of a mutual benefit society is the agent of the head society, and the knowledge of the local organization of the true occupation of the insured is chargeable to the insurer.

3. INSURANCE, § 793*—*when right to refuse to issue or to cancel certificate is waived.* When a cause exists why a certificate of insurance should not issue to a proposed member of a mutual benefit society, or why after it has been issued it should be canceled and that cause is known to the society, or its subordinate lodge or court, and notwithstanding that cause and the knowledge of it the certificate is issued and is not canceled, but the society continues to collect, receive and keep dues paid by or for the holder of such certificate, and the same is treated as in full force, the causes which might have justified a refusal of the application in the first place or a cancellation of the certificate later on must be

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

regarded as waived after the death of the member and the presentation of the certificate by the beneficiary for payment.

4. INSURANCE, § 852*—*when compromise settlement of valid claim on mutual benefit certificate not binding.* A compromise settlement of a valid claim on a mutual benefit certificate is not binding where an adjuster represents that the certificate is void and uncollectible for the purpose of obtaining an unconscionable advantage of the beneficiary and the representations by the adjuster are not true nor made in good faith, and the amount of the settlement is only 35 per cent of the face of the certificate.

5. INSURANCE, § 852*—*what is badge of fraud of controlling force in determining whether release is binding.* Where an insurance adjuster representing a mutual benefit society procures a compromise settlement for 35 per cent of the face of a benefit certificate from the beneficiary, an ignorant woman, on the false representations that the certificate is void and uncollectible, while the disproportion between the amount given and the amount actually due may not be sufficient to warrant the cancellation of the release given, it is, under the circumstances, such a badge of fraud as to be of controlling force in determining whether the release is binding.

6. INSURANCE, § 852*—*when jurisdiction retained to compel payment of balance after cancellation of release.* In an action on a mutual benefit certificate, where the court took jurisdiction of the case to adjudicate the question of whether a release, effected as the result of a compromise, was binding or not, and determined that it was not so, it rightfully retained jurisdiction of the case to adjust the entire difference between the parties in the matter of the insurance, and properly ordered the payment of the balance found due on the certificate.

Appeal from the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed October 22, 1918.

WILLIAM B. RISSE, IRA J. O'HARRA and O'HARRAS, WOOD & WALKER, for appellant.

SCOFIELD, HELFRICH & CALIFF, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appellant is a fraternal benefit society with subordinate bodies known as District Courts. One of these District Courts was located at Bushnell, a city of less than 3,000 inhabitants. Walter Palmeter, now deceased, was the husband of appellee. He died June 28, 1916. He had lived in Bushnell all or nearly all of his life. He was killed while doing the work of a lineman as an employee of the Central Illinois Public Service Company. At the time of his death, and for 7 years before that time, he held a certificate of membership issued by appellant which provided for the payment to his wife, the appellee, of $1,000 at his death. His dues were all paid, and he was in good standing in the order. After proof of death had been made, an adjuster for the company went to appellee, represented to her that the certificate was void, gave her $350, and she executed a release in full of her claim against appellant and surrendered to it the certificate of membership of her husband. Later, she filed her bill charging that the settlement she had made with the company was procured by fraud and misrepresentations of the adjuster; that the certificate was valid; that she was entitled to be paid by appellant $1,000 on that certificate, and praying that her receipt and release be canceled, and that appellant be required by the decree of the Circuit Court to pay her $650 more than she had already received. The cause was referred to the master, who took the proof and reported as his conclusion that appellee was entitled to the relief prayed. The master's report was in all respects approved by the court, and a decree was entered following the prayer of the bill.

The basis of the claim of appellant that this decree should be reversed is that deceased had changed his employment since he became a member of the society and was at the time of his demise engaged in a prohibited employment. There is no doubt but that he was at the moment of his death engaged in the work

of a lineman; that such employment is prohibited by the rules of appellant society, or that it is stated in his application for membership, upon which the certificate in question was issued, that he was employed as a stationary fireman. Appellee insists that whatever his employment was at the time of his death, it was identically the same as it was when he applied for membership in the society and was accepted as such, and when the certificate was issued; that at the time of his death and for 20 years before, including the time he applied for membership in appellant society, and when he was accepted as such, he was all the time employed at the local electric light plant doing whatever work was to be done; that his work included firing the boilers, running the engine and dynamo, attending to street lights, connecting up stores and residences with the plant and stringing wires. In fact he was a general utility man, capable of doing and in fact performing all the duties that were required in and about an electric light plant, including the duties of lineman; that the deputy who solicited his application and who wrote in it the statement that he was employed as a stationary fireman knew all about where he was employed and what the duties of his employment required him to do; that the officers who accepted his application and issued his certificate and collected his dues knew him personally when they did so and knew all about where he was employed and what he was doing. The evidence fully sustains the contention of appellee as to the facts. One witness testified that the deceased "was the best known man in Bushnell. Every man, woman and child from 10 years up knew Walter Palmeter"; that his work took him all over town, on the streets, at the street intersections, on the premises of the people "and all around," and that his work was in view of the people. Members and officers of the local court of appellant at Bushnell testified that at the time he was received into the society and when his certificate was issued and

when he paid his dues they knew all about him and how he was employed, and their testimony is reasonable and believable in view of the size of the town in which he had worked for 20 years at the same employment. The deputy who took his application, and one or two persons who have filled some of the offices of the local court, undertook to deny knowledge that he worked as a lineman, but the decided weight of the testimony is against them.

The local court at Bushnell was the agent of appellant. What was known to the Bushnell court must be regarded as known to appellant. Appellant therefore knew when the deceased was accepted as a member, when the certificate of membership in question was issued and when the dues thereon were received, that part of the work of the deceased was that of a lineman.

When a cause exists why a certificate of insurance should not issue to a proposed member of a mutual benefit society, or why after it has been issued it should be canceled, and that cause is known to the society or its subordinate lodge or court, and notwithstanding that cause and the knowledge of it the certificate is issued and is not canceled but the society continues to collect, receive and keep dues paid by or for the holder of such certificate, and the same is treated as in full force, the causes that might have justified a refusal of the application in the first place or a cancellation of the certificate later on must be regarded as waived after the member has died and the beneficiary presents the certificate for payment. *Order of Foresters v. Schweitzer,* 171 Ill. 325; *Coverdale v. Royal Arcanum,* 193 Ill. 91; *Love v. Modern Woodmen of America,* 259 Ill. 102.

The proof shows that when the adjuster of appellant procured the release from appellee he told her the certificate was void and that she could not collect anything on it. She was an inexperienced woman in great distress of mind due to her husband's recent sudden

death, and she believed him and accepted the $350 on the theory that the certificate was void.

When representations of this character are made for the purpose of obtaining an unconscionable advantage of a party in the settlement of a valid claim and are not true nor made in good faith, the settlement will not be upheld. *Walker v. Shepard*, 210 Ill. 100.

There is still another circumstance that must be considered and that is that while the disproportion between the amount given and the amount actually due might not be sufficient to warrant the cancellation of the release given, it is, when taken in connection with the other facts in the case, such a badge of fraud as to be of controlling importance in determining whether the release is binding. *Walker v. Shepard,* 210 Ill. 100-114.

The amount paid was grossly inadequate, the representation made by the adjuster that the certificate was void was not true, and he knew it, it was not made in good faith, nor was the $350 paid in settlement or adjustment of a doubtful claim, and the settlement is not binding on appellee.

The court having taken jurisdiction of the case to adjudicate the question of whether the release is binding or not, and having determined that it is not so, rightfully retained jurisdiction of the case to adjust the entire difference between the parties in connection with the matter of insurance, and properly ordered the payment of the balance found due on the certificate in question. *Waterstrow v. National Americans,* 183 Ill. App. 82.

The decree of the Circuit Court is affirmed.

*Decree affirmed.*

MR. JUSTICE WAGGONER took no part in the consideration of this case.