470

Union Trust Company et al., Appellees, v. Chicago National Life Insurance Company, Appellant.

472

Opinion filed October 3, 1932.

KARCH, HENDRICKS & MORAN, LEE D. MATHIAS and C. W. ARMSTRONG, for appellant.

BEASLEY & ZULLEY, for appellees.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellees sued on a life insurance policy as guardians of their minor ward who is the beneficiary named therein. They averred in their declaration that appellant executed and delivered the policy to the insured and set out, *in haec verba,* the first page thereof from which it appears that upon the performance of certain acts and upon the death of the insured appellant promised to pay the beneficiary the amount of the insurance. They averred that insured died March 1, 1930; that they were appointed guardians; that they furnished appellant with proofs of death; and that they, and the insured, had performed all things on their part to be done, etc. Appellant filed the general issue and a special plea averring that the annual premium due March 24, 1929, was never paid and that by reason thereof the policy lapsed and was not in force at the death of the insured. To that plea appellees replied that appellant never took any steps to forfeit the policy. No issue was joined on that averment and appellant made no attempt to prove any affirmative action in that regard. Appellees also replied that there was

a waiver and issue was joined thereon. There was a verdict and judgment for $10,111.12 as of September 11, 1930.

Appellant insists that appellees were not entitled to recover because they set out in their declaration and offered in evidence only the first page of a four-page policy of insurance. We held otherwise in *Tykalowicz v. Metropolitan Life Ins. Co.*, 249 Ill. App. 280, and certiorari was denied. The declaration showed the conditions precedent and the performance thereof. The payment of the first premium on a life insurance policy is a condition precedent but the payment of a subsequent premium is a condition subsequent and the defense of a failure to pay it must be alleged in a special plea and proved by the insurer. *Benes v. Bankers Life Ins. Co.*, 282 Ill. 236; *Friend v. Southern States Life Ins. Co.*, 58 Okla. 448, L. R. A. 1917B 208; *Haas v. Mutual Life Ins. Co.*, 84 Neb. 682, 26 L. R. A. (N. S.) 747. The premium in question was a subsequent premium. Appellees offered in evidence the first page of the policy but appellant did not offer the other pages and did not contend in the trial court that they contained any provision that made the payment of a subsequent premium a condition precedent to the right of recovery or that they contained a provision that nonpayment of a premium would avoid or forfeit the policy. If they contained any matter material to the defense appellant should have introduced them in evidence.

If appellant thought the declaration was so defective that it would not support the judgment, that question could have been presented to this court by a proper assignment of error. *Chicago, R. I. & P. Ry. Co. v. People*, 217 Ill. 164, 172; *People v. Wallace*, 316 Ill. 120, 122. No such error has been assigned. The legal sufficiency of a declaration is not raised by a motion for a directed verdict. *Swift & Co. v. Rutkowski*, 182

Ill. 18; *Klofski v. Railroad Supply Co.*, 235 Ill. 146. Appellees proved the payment of the first premium by the recital in the policy that it was paid. *Provident Life Ins. Co. v. Fennell*, 49 Ill. 180. They also proved that they furnished appellant with proofs of death, their appointment as guardians, and that their ward is the beneficiary named in the policy. That proof showed a prima facie right to recover. *Benes v. Bankers Life Ins. Co.*, 282 Ill. 236.

Appellant's promise to pay the insurance money is not conditional upon subsequent premiums being paid when due. Appellant proved nonpayment of the premium but utterly failed to prove that the insurance contract contained a provision that nonpayment would, *ipso facto,* work a forfeiture of the policy. Without such a provision nonpayment of a premium does not avoid the policy. 32 C. J. 1300; 14 R. C. L. 975, but the insurer is entitled to credit for the amount of the unpaid premium and interest thereon. 14 R. C. L. 975. A forfeiture of a life insurance policy for nonpayment of a premium will not be enforced except when definitely contracted for. *United States Life Ins. Co. v. Ross,* 159 Ill. 476. For the unpaid premium appellant accepted the insured's note payable in 90 days with interest. The note was not paid but neither it nor that part of the policy in evidence contains any provision to the effect that a failure to pay the note would forfeit the policy or cause it to lapse. In the absence of such a provision the policy continued in force even though the note was not paid. *Miller v. Assured's Nat. Mut. Fire Ins. Co.,* 264 Ill. 380–388; *Mutual Life Ins. Co. v. Allen,* 212 Ill. 134; 25 Cyc. 826; 32 C. J. 1300; 14 R. C. L. 977.

In *Keller v. North American Life Ins. Co.,* 301 Ill. 198, the court assumed that the premium is a debt and said that a note of the insured given for an existing debt will not extinguish the same in the absence of an

agreement to that effect. The court overlooked the fact that prior to the execution of the note the insured had never promised to pay the premium and was not personally liable for the payment of the same. Until the note was executed the premium was not a debt and the insurance company could not sue and recover therefor. *Lehman v. Clark,* 174 Ill. 279; *Mutual Benefit Life Ins. Co. v. Chattanooga Sav. Bank,* 47 Okla. 748, L. R. A. 1916A 669, and cases cited therein. When the note was not paid the insurance company could not sue as on an original debt because there was no debt. What the court said in the *Keller* case as to the premium being a debt, etc., was *obiter dicta,* as the note given in that case provided that if not paid when due the policy should become immediately forfeited. In that case the attention of the court was not called to *Lehman v. Clark, supra, Mutual Life Ins. Co. v. Allen, supra,* and *Miller v. Assured's Nat. Mut. Fire Ins. Co., supra.* We cannot believe the court intended to overrule those cases without even referring to them.

Under the evidence nonpayment of the premium and the note given therefor do not cause a forfeiture of the policy. Appellant insists there was a forfeiture and appellees as earnestly contend that if there was it was waived. For that reason we deem it advisable to consider the question of waiver. The acceptance of the note waived the time for the payment of the premium until July 21, 1929. On July 12, appellant advised the insured that the note would be due July 21, and requested a remittance by that time. On September 10, 1929, long after the note was due, appellant wrote the insured reminding him of its former letter to the effect that the note would be due July 21, and requested him to give the matter his immediate attention. The insured then mailed a check for the interest and appellant on September 14, 1929, again wrote him

that it had received his check for $6.71 to pay the interest on the note and said: ''We note you can take care of the principal within a few days, which will be satisfactory.'' That was a further waiver of the time of payment and was not for a specified time. When a waiver is general and not for a specified time, it is not essential to the validity of the policy that the premium be paid or tendered before the death of the insured. *Illinois Life Ass'n v. Wells,* 200 Ill. 445. The note was for a full year's premium from March 24, 1929, and when appellant demanded full payment of it, long before the year had expired, it thereby waived its right to forfeit the insurance within the year. *Williams v. Empire Mut. Annuity & Life Ins. Co.,* 8 Ga. App. 303, 68 S. E. 1082; *Ray v. Commonwealth Life Ins. Co.,* 184 Ky. 215, 211 S. W. 736.

After appellant received the interest on the note as shown by its letter of September 14, the insured was never informed that his policy would lapse unless the note was fully paid by a certain time. On the contrary, appellant advised him on February 26, 1930, that another premium would be due and payable on March 24, 1930, and that he should make his check therefor payable to appellant. That shows that appellant had elected to treat the note as an absolute payment of the premium then in default and that the policy was still in force. *Ray v. Commonwealth Life Ins. Co.,* 184 Ky. 215, 211 S. W. 726; *Williams v. Empire Mut. Annuity & Life Ins. Co.,* 8 Ga. App. 303, 68 S. E. 1082; *Loftis v. Pacific Mut. Life Ins. Co.,* 38 Utah 532, 114 Pac. 134, and cases cited therein. The sending of that notice was a waiver of any forfeiture. The fact that the insured died on March 1, 1930, without having seen or read the notice does not destroy its effect as a waiver. *Chicago Life Ins. Co. v. Warner,* 80 Ill. 410; *Illinois Life Ass'n v. Wells,* 200 Ill. 445; *New England Mut. Life Ins. Co. v. Spring-*

*gate,* 129 Ky. 627, 19 L. R. A. (N. S.) 227. A forfeiture may be waived by acts, conduct, or declarations which are not sufficient to create an estoppel. 14 R. C. L. 1181; 32 C. J. 1341; *Cox v. American Ins. Co.,* 184 Ill. App. 419; *Adam v. Columbian Nat. Life Ins. Co.,* 218 Ill. App. 54, in which certiorari was denied.

The insured assigned the policy as collateral security for certain debts, but the assignment expressly provided that the surplus over and above the debts should not be affected thereby. The assignee was only entitled to the amount of the debts secured by the assignment. *Sanders v. Soutter,* 136 N. Y. 97; *Samuel v. Coles,* 203 Ill. App. 358. The undisputed evidence is that these debts were paid in full since the death of the insured. The assignee had no further interest in the matter. Appellant expressly promised to pay the insurance money to the beneficiary named in the policy. His right thereto was never revoked except to the extent of the debts secured by the assignment and which have been paid. We hold that the right of action is in the minor beneficiary and that being true the suit was properly brought in the names of his guardians. *Liska v. Chicago Rys. Co.,* 318 Ill. 570.

Other questions are raised and argued but it is unnecessary to consider them because under the law and the evidence there is no defense to the action except that appellant is entitled to credit for the amount of the note for $477.32 with interest at the rate of seven per cent from April 23, 1929, to the date of the judgment, which amounts to $523.54. If appellees will file a remittitur for that amount in this court within 20 days after the filing of this opinion the judgment will be affirmed for the balance, otherwise it will be reversed and the cause remanded.

*Affirmed on filing remittitur; otherwise reversed and remanded.*