624

Mary E. Stone et al., Appellees, v. Tri-State Mutual Life Association, Appellant.

Gen. No. 9,254.

court at the October term, 1940. Heard in this Opinion filed November 3, 1941.

T. MAC DOWNING, of Macomb, and SAMUEL NAYLOR and SAMUEL J. NAYLOR, both of Carthage, for appellant.

IRA J. O'HARRA and ROSWELL B. O'HARRA, both of Macomb, for appellees.

MR. PRESIDING JUSTICE HAYES delivered the opinion of the court.

This is a suit at law, to recover on a benefit certificate, issued by Tri-State Mutual Life Association, defendant appellant (hereinafter called defendant) to Minnie M. Whitesell, insuring her in the amount of fifteen hundred ($1,500) dollars,—with Mary E. Stone, Josephine Roundey and Dena Whitesell, plaintiffs appellees (hereinafter called plaintiffs) beneficiaries.

The first count in the complaint alleged that the benefit certificate was in full force and effect at the date of the death of the insured, and that she had kept, performed, and complied with all the terms, provisions and conditions of said certificate, and of the provisions of the constitution and by-laws of the Association.

The second count averred that the secretary of the local was the authorized agent of the defendant to collect the dues and assessments; that for sometime prior to the death of the insured, she had an arrangement

whereby the secretary would present the receipt for dues and assessments owing by said insured to the Union National Bank at Macomb; that said bank would pay the same to the secretary, and that prior to May 1, 1938, all dues had been paid up to July 1, 1938. Said count two further averred that prior to May 1, 1938, defendant had adopted a "new" constitution and by-laws, and that section 60 of article 1, of the same provided: "From and after the first day of May, A. D. 1938, all members in good standing at that time shall be required to pay a premium for insurance benefits, upon the annual renewable term rate based on the American Experience Table of Mortality, with interest at three and one-half per cent ($3\frac{1}{2}\%$) per annum, unless and until the member has transferred his present certificate or policy of insurance, as provided in Section 61." It is further alleged in the second count that neither the secretary of the local, nor anyone on behalf of the defendant, presented any premium receipt for premium payable under section 60 to the said bank, nor notified said bank or the insured that any premium was due May 1, 1938. It further alleged that defendant had knowledge of the arrangement in collecting the assessments by said local secretary.

On January 28, 1939, defendant filed an answer to the complaint, admitting the allegations of the first count of the complaint, except the allegations that insured during her lifetime met all the terms and conditions of said benefit certificate, and the constitution and by-laws of said association, and this it denied. It also denied that the plaintiffs, since the death of Mrs. Whitesell, had performed and complied with the terms and conditions of the constitution and by-laws, to be kept and performed by them. It also denied the existence of the arrangement for collecting the dues and assessments through the Union National Bank, and denied the allegation of the plaintiff that no notice of premium due was given to the insured. No af-

firmative defense stating facts showing lapse or forfeiture of the certificate was alleged in this answer.

The case was called for trial before the court without a jury on October 4, 1939, and tried on that date. The court took the case under advisement. On November 21, 1939, while the court still had the case under advisement, defendant made a motion for leave to file an amended answer and to introduce additional evidence, denying several matters that had been admitted in the original answer, and setting up affirmative defenses to both counts of the complaint. The court denied leave to file this proposed amended answer.

On February 9, 1940, the defendant moved for leave to file a second amended answer, which was very lengthy and consisted of forty-five typewritten pages. Defendant also asked leave to offer additional evidence in support of said proposed second amended answer. The court took these motions under advisement with the case, and at the time the case was decided on April 8, 1940, it denied the motions of February 9, and February 16.

The evidence discloses that on September 15, 1924, the defendant issued to Minnie M. Whitesell its benefit certificate, entitling the plaintiffs to fifteen hundred dollars insurance, in the event of the death of the insured while she was a member in good standing of the defendant association.

Mrs. Whitesell paid her dues and *per capita* tax to June 30, 1938. She had paid the last assessment for benefits on April 28, 1938. She died on June 11, 1938 in the State of Virginia, where she was then living. On June 24, 1938, the secretary of the defendant, wrote one of the plaintiffs that her mother's policy had lapsed on June 1, 1938 for failure to pay "May temporary payment," and that her insurance was not in force at the time of her death.

The proofs show that for several years, prior to Minnie M. Whitesell's death, the Union National Bank of Macomb had paid her assessments to the defendant. The secretary of the defendant would take the receipt in the amount that was due, to the bank and collect the amount due thereon. This had been going on, covering the terms of several secretaries,—and for a period of more than ten years, and on April 28, 1938, a collection had been made by the secretary of the defendant in this same manner. That was the last time the secretary called upon the bank to collect the payment. The bank had never refused a payment. The secretary did not take any receipt to the bank during the month of May of that year. It appears that the insured had more than enough money, on deposit at the bank, to be used to pay the assessment in question during the month of May and to June 11,—the date of her death. The defendant failed to make any explanation in the proofs of why it suddenly stopped collecting the insured's assessment from the bank, neither is there any proof that notice was given the insured of their intention of terminating the arrangement for collecting the dues from the bank.

The trial court found in favor of the plaintiffs and entered a judgment against the defendant in the sum of sixteen hundred and six dollars and four cents ($1,606.04). The defendant's principal ground for reversal is its contention that Mrs. Whitesell forfeited her certificate of insurance by not making any payments after the 28th day of April 1938, and up to the date of her death, being June 11, 1938.

It appears from the evidence that just prior to the death of the insured, the defendant was engaged in changing its system from assessment to premium basis, and had amended its constitution and by-laws to bring this about, and had sent out certain printed statements encouraging the existing certificate holders to change to the new plan. The language used in sec-

tion 60 of the by-laws fixing the time of payment "from and after the first day of May, upon the annual term rate," is, to say the least indefinite and uncertain. Under no rules of construction can it be said to mean on the first day of May. The defendant has filed an extensive brief and argument in this cause, and in its brief the nearest it comes to a definite construction is some day between the first day of May, and the death of the insured. It takes the position that there should be a forfeiture because there was no payment during that time, but does not pretend to say what particular day the money was to be paid or how much. With the loose and indefinite language in section 60, it cannot be made the basis of a forfeiture. If it was intended the premium should be due May 1, the words "on" or "by" would have been used and not "from and after." If there is doubt as to the meaning of the language used in defendant's by-laws, that doubt must be resolved in favor of the plaintiffs and against the defendant. *Grand Legion Illinois Select Knights of America v. Beaty,* 224 Ill. 346, 350; *Miller v. Grand Lodge Brotherhood of Railroad Trainmen,* 282 Ill. 430, 438; *Switchmen's Union of North America v. Colehouse,* 227 Ill. 561, 564, 565; *Terwilliger v. National Masonic Accident Ass'n,* 197 Ill. 9, 12, 13.

Contracts of insurance of mutual benefit associations, like all other insurance contracts, are construed in favor of the insured and beneficiaries, and against the company, where there is any doubt in the language. The language is selected by the association and, if susceptible of two constructions, that most favorable to appellees must be adopted. *Terwilliger v. National Masonic Accident Ass'n,* 197 Ill. 9, 13; *Forest City Ins. Co. v. Hardesty,* 182 Ill. 39; *Union Mutual Accident Ass'n v. Frohard,* 134 Ill. 228.

Forfeiture provisions of by-laws are always construed strictly against the company and liberally to the insured and her beneficiaries. No forfeiture will

be enforced unless definitely contracted for. *Union Trust Co. v. Chicago National Life Ins. Co.*, 267 Ill. App. 470, 474; *Grand Lodge A. O. U. W. v. Bagley*, 164 Ill. 340, 343; *Ingersoll v. Mutual Life Ins. Co. of New York*, 156 Ill. App. 568, 573.

The insured lived in Virginia, and she had paid all assessments levied to April 28, 1938, and she left sufficient money in the bank to pay for any additional assessments that might be levied. There is nothing in this record from beginning to end to show that she was ever given an opportunity by the defendant to know how much, if anything, was due after April 28, and on what date it was due. This is emphasized by the letter of the defendant written immediately after the death to one of the beneficiaries stating that the certificate had lapsed for failure to pay the "May temporary payment." The amount of this May temporary payment is not disclosed by the record, nor what day in May it should have been paid. The secretary who had been handling this work for the defendant was ill in bed during the month of May, and her work was being done by an insurance man from Chicago. The defendant cannot claim a forfeiture for nonpayment where its own agent failed to present the receipt in accordance with the long established method of collecting unless it gives actual notice to the insured that this method of collecting would no longer be pursued. *Harris v. Sovereign Camp of the Woodmen of the World*, 374 Ill. 47, 49 (aff'g 302 Ill. App. 310, 321); *Dromgold v. Royal Neighbors of America*, 261 Ill. 60, 65; *Palmeter v. Court of Honor*, 212 Ill. App. 565, 569.

The local secretary of the defendant was its agent in collecting dues and the knowledge of the secretary of the practice and custom of collecting the assessment in question was knowledge to the defendant. *Niemann v. Security Benefit Ass'n*, 350 Ill. 308, 316; *Zeman v. North American Union*, 263 Ill. 304, 312.

Notice to Mrs. Whitesell of the definite time when the premium was payable and the amount of it, was necessary before her certificate could be forfeited for nonpayment, even though there was no provision for notice in the by-laws. *Catholic Order of Foresters v. Fitzpatrick*, 58 Ill. App. 376, 379; *Switchmen's Union of North America v. Colehouse*, 227 Ill. 561, 566.

The defendant's complaint on the court's ruling, denying it leave to file additional answers after trial, is not ground for reversal,—for the view that we take of this case is that there is nothing in the amended answers that would set up a defense. Defendant complains of the court's ruling and excluding two letters offered by it. As to the first, there was no proper foundation laid, and the second was not material on any of the issues in the case.

The trial court was amply warranted in the conclusions reached and the judgment entered. For the reasons herein stated, the judgment of the circuit court of McDonough county is affirmed.

*Judgment affirmed.*