## KNICKERBOCKER LIFE INSURANCE COMPANY *vs.* AUGUST WEITZ & others.

An assignment by a wife to a creditor of her husband of a policy of insurance effected by her in accordance with the Gen. Sts. *c.* 58, § 62, or the N. Y. St. of 1866, *c.* 656, on her husband's life for a certain term, and, in event of his death after hers, made payable to their child, cannot affect the right of the child to the amount of the policy upon the death of the husband within that term after the death of his wife, although made with the assent of the husband and of the insurers.

BILL OF INTERPLEADER to obtain instructions as to the disposi-tior to be made of the amount due on a policy of insurance

made on August 27, 1866, by the plaintiffs, a life insurance company established in New York, to Caroline, wife of Louis Stauff, of Boston, upon his life for a certain term, in consideration of a premium paid by her, and expressed to be for her benefit, and payable, when due, to her executors, administrators or assigns, and, in case of her death before the death of the assured, then " payable, after the death of the latter, to her children by him, for their sole use, or to their guardian, if under age."

On August 29, 1866, said Caroline, with the consent of her husband and of the insurers, executed to August Weitz, as security for a debt due to him from her husband, a written assignment of this policy, which assignment, however, provided " that the restrictions in said policy shall remain in full force notwithstanding this assignment." On February 27, 1867, she died, leaving one only child by said Louis, named August Stauff, three years old; and on March 9, 1867, said Louis died, within the term for which his life was insured, and for which his wife had paid the premium, leaving this child, who, with his guardian, and said August Weitz, were made parties to this bill.

The case was reserved by *Hoar*, J., for determination by the full court, on the bill, answers, and an agreed statement of the facts above recited.

*I. Story, Jr.*, for August Stauff and his guardian.

*G. W. Park*, for August Weitz.

GRAY, J. The policy of insurance made by the plaintiffs on the life of Louis Stauff was effected, and the premium paid, by his wife, and the policy was expressed to be for her benefit, and payable, when due, to her and her executors, administrators or assigns; but if she should die before him, then, upon his death within the term insured, " to her children by him, for their sole use, or to their guardian, if under age." She did die before him, and he died before the expiration of the term for which his life was insured.

It does not appear, and is unimportant, whether this contract was made in Massachusetts or in New York; for the laws in force at the time in the two states did not materially differ, so far as this case is concerned.

If the policy is to be governed by our laws, then, by the Gen. Sts. *c.* 58, § 62, being expressed to be for the benefit of a married woman, it enured not merely "to her separate use and benefit," but "to that of her children, independently of her husband or his creditors, or the person effecting the same or his creditors." As the wife, in this case, was the person who effected the same, she could no more revoke or assign away the rights of her children in the policy, than her husband, if he had effected the policy, could have varied or defeated their rights therein, which, as has been adjudged, he could not do. *Gould* v. *Emerson, ante,* 154.

By the St. of N. Y. of 1866, *c.* 656, any married woman may obtain insurance upon the life of her husband, payable, in case of her surviving the term of insurance, to her and for her own use, free from any claims of his representatives or creditors; and the policy may be made payable, in case of her death meanwhile, to her husband, or to his, her or their children, (as shall be, and in this case has been, provided in the policy,) and to their guardian if they are under age.

The assignment of the policy by the wife contains an express recognition that "the restrictions in said policy shall remain in full force, notwithstanding this assignment." It is unnecessary to decide whether the word "restrictions," as here used, would have included the clause providing for payment to the children in a certain contingency, if that clause could otherwise have been defeated by the wife; for we are of opinion that her assignment could not defeat the rights secured to the child by the terms of the policy in the manner authorized by either statute. If the assignment of the wife passed anything, it was, at most, her own interest, which ended with her death. She having died before the termination of the policy, and her husband having also died within the term, the policy, by its express provisions, was not payable to her representatives or assigns, but to the child or his guardian; and the latter therefore, and not her assignee, is entitled to receive the amount. *Moehring* v. *Mitchell,* 1 Barb. Ch. 270. *Eadie* v. *Slimmon,* 26 N. Y. 1. *Swan* v. *Snow,* 11 Allen, 224. *Burroughs* v. *State Assurance Co.* 97 Mass. 359.

As the assignee has not paid any premiums to keep the policy on foot, we need not consider whether, if he had, he would have been entitled to be paid those premiums or any other proportion out of the principal sum due upon the policy.

*Decree for payment to the guardian of the child.*