LEWIS STOWE

*vs.*

WILLIAM H. PHINNEY AND UNION MUTUAL LIFE INSURANCE COMPANY, trustee.

Cumberland. Opinion May 17, 1886.

*Life insurance. Trustee process.*

By the terms of a life insurance policy, the insurance company promised to pay the assured, his executors, administrators or assigns, for the sole use and benefit of his four children therein named, and the survivor or survivors of them, the amount expressed in the policy, after deducting therefrom any indebtedness the company might have on account of the contract, within ninety days after notice and proof of death. *Held:*

1. That the insurance, although for the sole use and benefit of the children, was payable, not to them, but by the express terms of the contract, to his own legal representative, who upon payment of the insurance would become a trustee under an express trust of the money thus collected for the *cestuis que trust.*

2. That the administrator of the assured was the only proper party who could maintain an action at law upon the contract, the policy having never been assigned, and the assured having died intestate.

3. That the insurance company, before payment over to the administrator of the amount due upon said policy, is not liable in trustee process at the suit of a creditor of one of the children named in the policy.

ON report of facts agreed.

The only question presented by the report was the liability of the trustee, and the opinion states the facts bearing upon that question.

*S. C. Strout, H. W. Gage* and *F. S. Strout,* for the plaintiff.

It is frequently stated in the cases and text books as a general rule, that to charge a trustee the defendant must have a cause of action against him. Drake on Attachments, § 463 ; *Maine Fire & Marine Ins. Co.* v. *Weeks and Tr.* 7 Mass. 438 ; *White* v. *Jenkins and Tr.* 16 Mass. 62 ; *Brigden* v. *Gill and Tr.* 16 Mass. 522 ; *Rundlett* v. *Jordan and Tr.* 3 Maine, 47.

These four cases are cited repeatedly as leading cases to sustain such general rule, but in fact they are not authority for any such position. Each case was presented and decided rightly upon facts not involving this rule, and its discussion, not being called for and entirely outside the facts of the case, was not authority but only *dicta.* If such rule exists it admits of so many exceptions as to practically abrogate it. See Drake on Att. § 464 ; *Staples* v. *Staples, Tr.* 4 Maine, 532 ; *Burnell* v. *Weld,* 59 Maine, 425 ; *Clapp* v. *Hancock Bank and Tr.* 1 Allen, 394.

Many more instances might be cited, but these are sufficient to show that such a rule does not in fact exist, and that the right to maintain an action, though a usual, is not a decisive test, as stated in *Whitney* v. *Munroe,* 19 Maine, 42. But were it decisive, the case shows, we submit, a cause of action by the defendant, William H. Phinney. The promise was to pay Edmund Phinney, his executors, etc., for the sole use of these children. It being impossible to pay to Edmund Phinney, and the words executors, etc., adding nothing to the promise, it is in effect a promise of the company to pay (upon a certain contingency which has happened) four thousand dollars, for the sole use of the children named, and upon such a promise the children must sue if any remedy exists. Here the proceeds are not assets in the hands of an administrator, and are not the property or personal estate of the deceased, but are the property of the children, " not by descent, but by virtue of the contract." *Cragin* v. *Cragin,* 66 Maine, 517.

By R. S., c. 64, § 1, "No administration shall be granted on the estate of any deceased intestate person, unless it appears that he left personal estate to the amount of at least twenty dollars, or owed debts to that amount, or left real estate of that value." If a person died leaving such a policy and no real or personal estate or debts to the above amount, no administrator could be appointed, and if the beneficiary could not sue, no remedy would exist.

It is fully established by a long line of decisions that suits upon fire and marine insurance policies may be brought in the name of the assured or of the parties in interest, whether named in the policies or not. Phillips on Ins. vol. 2, § 1,958; *Pitney* v. *Ins. Co.* 65 N. Y. 6; *Farrow* v. *Ins. Co.* 18 Pick. 56; *Somes* v. *Ins. Co.* 12 Gray, 532; *Patterson* v. *Ins. Co.* 64 Maine, 503. And that it makes no difference that by the express terms of the policy it is made payable directly to the person who negotiated the policy. *Williams* v. *Ocean Ins. Co.* 2 Met. 303; *Sleeper* v. *Union Ins. Co.* 65 Maine, 395.

Such decisions are not alone due to the fact that insurance policies are liberally construed, but that "it is sound doctrine applicable to simple contracts generally, and the appropriate and well established doctrine of contracts of insurance, that if one make a promise to another, for the benefit of a third, the latter can maintain an action upon it in his own name." *Motley* v. *Ins. Co.* 29 Maine, 340.

The concise statement of the elementary principle that the party to be benefitted by a contract not under seal, (and the policy here was not under seal,) may sue thereon, although the promise be not made to him, in Chitty on Pl. vol. 1, pages 5 and 6, is well sustained by a long line of decisions, among which are *Sargent* v. *Morris*, 3 B. & A. 277; *Felton* v. *Dickinson*, 10 Mass. 287; *Arnold* v. *Lyman*, 17 Mass. 405; *Brewer* v. *Dyer*, 7 Cush. 340; *Martin* v. *Ætna Ins. Co.* 73 Maine, 28.

"On life policies the suit may be brought in the name of the beneficiary." May on Ins. § 446.

"The legal representatives of the insured have no claim upon the money and can not maintain any action therefor, if it is

expressed to be for the benefit of some one else." Bliss on Life Ins. §§ 317 and 318.

We are aware that it has been decided otherwise in *Bailey* v. *N. E. Ins. Co.* 114 Mass. 178, but that court does not always appear to have entertained the same opinion. In *Brewer* v. *Dyer*, 7 Cush. 340, the same principle was involved, and the court in a well considered opinion, fully discuss the rule, its reasons and exceptions, and say that he who would enjoy the benefit may maintain the action. As late as 1881, in *Norris* v. *Mass. Mut. Life Ins. Co. and al.* 131 Mass. 294, a bill in equity was brought by a creditor of the widow of W. L. Bowser, who had taken a policy in the defendant company, payable to him, his executors, administrators and assigns, for the benefit of the widow. Plaintiff held the policy, without assignment, as collateral to his debt of Mrs. Bowser, and brought his bill to compel the insurance company to apply the sum due on the policy to his debt. GRAY, C. J., says, "The contract of the company was with Mrs. Bowser only." And that the court could compel the application "of the money due from the company to Mrs. Bowser" to the payment of her debt.

*Drummond and Drummond*, for the trustee, contended that the trustee should be discharged on the ground that an action could not have been maintained against the company by the beneficiaries named in the policy, and to this point they cited : Chitty, Contracts, (11 Am. ed.) 74-76 ; Metcalf, Contracts, 205-211 ; *Bailey* v. *New England Insurance Co.* 114 Mass. 178 ; *Millard* v. *Baldwin*, 3 Gray, 484 ; *Field* v. *Crawford*, 6 Gray, 116 ; *Dow* v. *Clark*, 7 Gray, 198 ; *Frost* v. *Gage*, 1 Allen, 262 ; *Exchange Bank* v. *Rice*, 107 Mass. 37 ; *Butterfield* v. *Hartshorn*, 7 N. H. 345 ; *Warren* v. *Bachelder*, 15 N. H. 129 ; *Chamberlain* v. *Ins. Co.* 55 N. H. 249 ; *Bowers* v. *Parker*, 58 N. H. 565 ; *Porter* v. *Raymond*, 53 N. H. 519 ; *Treat* v. *Stanton*, 14 Conn. 445 ; *Saiely* v. *Cleveland*, 10 Wend. 156 ; *Greenfield* v. *Ins. Co.* 47 N. Y. 430 ; *Burroughs* v. *Assurance Co.* 97 Mass. 359 ; *Campbell* v. *Ins. Co.* 98 Mass. 381 ; *Unity Ass'n* v. *Dugan*, 118 Mass.

219; *Mass. Mut. Life Ins. Co.* v. *Robinson*, (Ill.) 11 Ins. Law J. 162; *U. S. Life Ins. Co.* v. *Lugwig*, (Ill.) 11 Ins. Law J. 700; *Tewksbury* v. *Hayes*, 41 Maine, 123; Dicey, Actions, 94–116.

FOSTER, J. The Union Mutual Life Insurance Company issued a policy of insurance to Edmund Phinney for the sum of four thousand dollars. By the terms of that policy the company expressly promised "to pay to Edmund Phinney . . . . his executors, administrators or assigns, for the sole use and benefit of" his four children therein named and the survivor or survivors of them, the amount above named after deducting therefrom any indebtedness the company might have on account of this contract, within ninety days after notice and proofs of death.

On the thirty-first day of October, 1884, Edmund Phinney died, leaving the four children surviving him, of whom the defendant is one. Thereafter, within the time named for the payment of said insurance, this action was commenced. The plaintiff alleges that the defendant is owing him, and has summoned the insurance company as trustee. The only question presented is whether this company can be legally held in this suit. An administratrix has been appointed upon the estate of the deceased. The defendant, since the commencement of this action, has assigned all his interest in the policy and his claim upon the administratrix of the estate to the fund to a third party, who claims that the fund can not be legally attached in this process, and that it is payable from the company to the administratrix, and not to this defendant.

If the administratrix is the only party who could maintain this action at law upon this contract, it necessarily follows that a payment by the company to any other party would not be justifiable, and consequently this suit could not be maintained as against the alleged trustee. It should be understood that we are not speaking of the rights of these parties otherwise than in an action at law. Whatever might be our decision were this in its nature an equitable trustee process, as now provided by

R. S., c. 77, § 6, par. 10, where the remedy is more elastic and equitable than in suits at law, it is unnecessary now to determine.

Upon a careful consideration of the case, and from an examination of the authorities, we feel confident that the company is not chargeable in this process. It is the established general rule that a party is not chargeable in trustee process, with respect to credits, unless he is liable in an action to the principal defendant. This test, it is true, is not always decisive, for there are exceptions to the rule. The facts in this case, however, do not bring it within any of those exceptions.

The question then is, who is the party that can maintain an action upon this contract?

Our attention has been called to the various decisions not only in this, but in other states, bearing upon the question whether, when a promise is made to one party for the benefit of a third, the latter can maintain an action upon such promise. We do not, however, consider it necessary, in arriving at a proper decision in this case, to enter upon that question, nor to extend the doctrine laid down in *Mellen* v. *Whipple*, 1 Gray, 317, to a case like this where the express terms of the contract and the intention of the parties as evidenced by those terms, must be the rule by which we are to be governed in our decision.

The contract in this case was made by the company with Edmund Phinney, the deceased. By that contract the amount was made payable to him, his executors, administrators or assigns, for the sole use and benefit of his four children. At his decease the administratrix of his estate was the only party who could legally enforce that contract. The insurance, although for the sole use and benefit of the children, was payable, not to them, but by the terms of that contract to his own legal representative. The company, as well as the deceased, was party to that contract. It is unlike those cases where, by the terms of the contract, it was expressly promised that the amount was to be paid, either absolutely or upon the happening of some expressed contingency, to the beneficiaries themselves, instead of the legal representative of the assured.

Thus in *Martin* v. *Ætna Ins. Co.* 73 Maine, 25, the policy was in the name of the wife on the life of her husband, and the amount was made payable to her, her executors, administrators or assigns, if she survived her husband, otherwise to their children. The wife did not survive her husband, and the court held that by her death, the promise of payment to her, being contingent upon her surviving her husband, ceased, and was by the express provisions of the policy transferred to the children, who became the sole beneficiaries, and the only parties who could avail themselves of the promise.

Another illustration from our own court is the case of *Cragin* v. *Cragin*, 66 Maine, 517, where the deceased procured a policy of insurance upon his life "for the benefit of his wife and children" and the same was made payable to them — the beneficiaries — their executors, administrators or assigns; and it was held that the insurance could not have been collected in the name of the administrator of the deceased, but that it was the property of the widow and children by virtue of the express terms of the contract. So in *Knickerbocker Ins. Co.* v. *Weitz*, 99 Mass. 159, the contract was between the company and the wife of the assured, and the amount was made payable to her, her executors, administrators or assigns, and in case of her death before that of the assured, it was payable to her children "for their sole use, or to their guardian, if under age." On a bill of interpleader by the company the court say : "She having died before the termination of the policy, and her husband having also died within the term, the policy, by its express provisions was not payable to her representatives or assigns, but to the child or his guardian," and that the latter was entitled to recover the amount.

On the other hand, we find that where the contract is that it is to be paid to the representatives of the assured, rather than to the beneficiaries, such representatives are the only proper parties to maintain an action for its recovery. When collected, the fund is held by them as trustees under an express trust for such beneficiaries as may be entitled to it. This doctrine is in harmony with the entire line of decisions upon this question, and is founded upon reason as well as authority.

The question arose in *Burroughs* v. *State Assurance Co.* 97 Mass. 359, where the policy was made payable to the assured, his executors, administrators and assigns, for the use of his wife and children; during his life-time the assured, with the assent of the company, assigned the policy, and it was held that the assignee might maintain an action at law to recover the amount due, although the policy was expressed to be for the use of the wife and children, the plaintiff's right to recover at law resting upon the express contract between him and the insurers arising out of the terms of the policies and of the assignments to which they had assented.

The next case was that of *Campbell* v. *New England Ins. Co.* 98 Mass. 400, in which the policy was made payable to the assured, his executors, administrators and assigns, for the benefit of a wife of the brother of the assured, who brought an action to recover the insurance in her name as beneficiary. Objection to the maintenance of the action not having been seasonably taken, judgment was recovered in her name. GRAY, J., says: "In the present case, the plaintiff, though not the assured, was the person for whose benefit the policy was made, and was therefore the owner of the entire equitable interest, and might have maintained an action upon it in the name and without the consent of the administrator, or, if the latter had collected the amount of the policy, might have sued him for the proceeds. The plaintiff had the equitable interest in the policy, although not the title to support an action at law in her own name against the insurers."

In *Gould* v. *Emerson*, 99 Mass. 157, the policy was made payable to the assured, his executors, administrators or assigns, for the benefit of his widow, if any, and his surviving child or children. The court there say: "The contract of the insurance company having been made with the assured, his executors, administrators and assigns, the defendant, as his administrator, might by law collect the amount of the policy."

As if the question had not been sufficiently settled, it was squarely met in *Bailey* v. *New England Ins. Co.* 114 Mass. 177. In this case the assured procured a policy upon his life

payable to him, his executors, administrators and assigns, for the benefit of his widow. Suit was brought in the name of the beneficiary against the company, and judgment was rendered in favor of the defendants. The court in referring to the previous decisions of *Burroughs* v. *State Assurance Co.* and *Gould* v. *Emerson*, make use of the following language : "The principle upon which these decisions rest is, that in policies of this kind the executor, administrator or assignee, becomes a trustee under an express trust, and the legal title being in him, he can maintain an action in his own name against the company. It therefore necessarily follows that the *cestuis que trust* can not maintain such action, but must have their rights determined between themselves and the trustee in other forms of proceeding. This brings this class of trusts within the general rules governing all trusts, and renders the practice simple and uniform. To allow *cestuis que trust* to maintain actions in their own names, might subject insurers to several suits on the same policy, or call upon them to determine who has the beneficial interest, or force them to resort to a bill of interpleader to ascertain the equitable rights of the parties." This case is cited in support of the decision in *Unity Association* v. *Dugan*, 118 Mass. 221, where the policy in that case was taken out by the assured for the sole use of his wife, and the court held that "not being a party to the contract, nor named therein as payee, she could not maintain an action at law thereon," and that the sole right to sue at law upon the policy after the death of the assured, would be in the administratrix of his estate, and that the association might safely have paid the amount of the policy to her.

*Stokell* v. *Kimball*, 59 N. H. 14, is in accord with the principles laid down in the foregoing decisions, holding that where the policy is by its terms payable to the assured, his executors, administrators and assigns, the executor or administrator is a trustee or depositary to recover the money for the purpose of paying it to the beneficiaries. Our own court in *Cables* v. *Prescott*, 67 Maine, 583, recognize the same doctrine where it is held that the contract vests in the party to whom it is made payable for the benefit of the *cestui que trust*.

Nor does the case of *Norris* v. *Massachusetts Ins. Co.* 131 Mass. 294, to which our attention has been called by the learned counsel for the plaintiff, militate against the conclusions arrived at in this case, or the other decisions to which we have referred. It will be found that the case was a bill in equity, in the nature of an equitable trustee process, and not an action at law. The remedy there is much broader and oftentimes more efficacious, for while in such a proceeding, as in the case last named, even the entire equitable interest of the beneficiary may be reached and applied to the payment of his debt, (*Donnell* v. *Railroad Co.* 73 Maine, 570; *Phoenix Ins. Co.* v. *Abbott*, 127 Mass. 560,) yet a merely equitable right is not attachable by trustee process in an action at law. *Massachusetts National Bank* v. *Bullock*, 120 Mass. 88; Drake on Attachment, § 457.

We are of opinion that the questions involved in this case have been so far settled by judicial decisions as to render any further expression of our views unnecessary. Recognizing as a fundamental doctrine of trustee process, that the plaintiff does not, as a general rule, acquire any greater rights against the trustee than the defendant himself possesses, the exceptions to which rule do not apply to the case before us, our decision is that the entry should be,

*Trustee discharged with costs.*

Peters, C. J., Walton, Virgin, Libbey and Haskell, JJ., concurred.