(No. 11450.—Reversed and remanded.)

JAMES C. BENES, Defendant in Error, *vs.* THE BANKERS
LIFE INSURANCE COMPANY, Plaintiff in Error.

*Opinion filed December 19, 1917—Rehearing denied Feb. 7, 1918.*

1. INSURANCE—*when personal representative is proper party to sue on life policy.* Where an insurance policy is payable to the insured or to his estate at his death, or where a policy payable to another person is duly assigned by him to the assured or to his estate under the rules and by the consent of the insurer, the personal representative of the deceased is the proper party to sue for and collect the insurance.

2. SAME—*what does not show right of action in creditor of assured.* Under section 18 of the Practice act a creditor of the assured may maintain an action on a life insurance policy after the death of the assured where the policy has been assigned by the beneficiary to the assured and by him to the creditor as collateral security, but a plea attempting to set up such right of action in the creditor as a defense to a suit by the beneficiary is insufficient, where it fails to allege that there was any sum due the creditor either at the assured's death or when the suit was brought by the beneficiary.

3. SAME—*what shows a prima facie right of recovery by beneficiary.* The beneficiary named in a life insurance policy shows a *prima facie* right of recovery thereon by introducing the policy sued on and proving the payment of the first premium, the death of the assured, the giving of notice and the furnishing·of proofs of death to the company or a waiver of such proofs, and that he is the person named in the policy.

4. SAME—*defense of forfeiture for non-payment of premiums must be alleged in special plea.* The defense of forfeiture of an insurance policy by reason of the failure to pay premiums subsequent to the first, or of the violation of other conditions subsequent, must be alleged by way of special plea and proved by the defendant insurance company.

5. SAME—*when a policy is forfeited for the failure to pay one premium.* The simple provision in a policy that it shall be invalid unless the premiums are paid when due is sufficient to work a forfeiture when one premium is not paid when due.

6. SAME—*when a plea need not expressly allege that default occurred in lifetime of assured.* A plea of forfeiture for non-payment of a premium, alleging that the premium was due on a certain date, which was during the lifetime of the assured, and that it was not paid then or since, need not expressly allege that the default occurred during the lifetime of the assured.

7. PLEADING—*what matters may be put in issue under a plea of the general issue in assumpsit.* Under a plea of the general issue in assumpsit the defendant may put in issue the plaintiff's capacity to sue, the execution of the contract, and the release, satisfaction and payment of the debt, if made previous to the commencement of the suit.

8. SAME—*when special plea is subject to demurrer as amounting to general issue.* If a matter of defense contained in a special plea is a matter which plaintiff is bound to prove as against a plea of the general issue, the plea is subject to the objection that it amounts to the general issue and is demurrable.

9. SAME—*when defendant is warranted in standing by a special plea.* Where a demurrer to a special plea in an action on an insurance policy is sustained the defendant is warranted in standing by his plea and in declining to offer to introduce any evidence admissible thereunder which is not admissible under the general issue, provided there is no intimation by the court that he may introduce such evidence under the general issue.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORÉ, Judge, presiding.

E. I. FRANKHAUSER, (C. PETRUS PETERSON, and RICHARD H. COLBY, of counsel,) for plaintiff in error.

D. RYAN TWOMEY, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The Appellate Court for the First District affirmed a judgment of the circuit court of Cook county for $1270.84 in favor of defendant in error in a suit in assumpsit against plaintiff in error, the Bankers Life Insurance Company of Nebraska, on a policy of insurance issued by plaintiff in error on the life of Edward J. Benes, payable to his brother, the defendant in error. A writ of *certiorari* was allowed by this court.

The cause was heard on the declaration of four counts, plea of the general issue and a special plea charging failure to provide proofs of death, to which latter plea a replica-

tion was filed setting forth facts relied on as a waiver of such proofs. The first count of the declaration was in the usual form on the policy, setting out the same *in hæc verba.* The second count consisted simply of the common counts. The third count is substantially the same as the first, with additional allegations of change of the beneficiary from that of defendant in error to the estate of the insured, the death of the insured intestate, the fact that the defendant in error is the only heir-at-law of the insured, and such further facts as would, under the statute, obviate the necessity of administration of the estate of the insured. The fourth count was substantially the same as the first, with the further allegation that defendant in error is the actual, *bona fide* holder and owner of the policy; that by and with the consent of defendant the assured directed that the amount of the policy be paid to his estate in the event of his death; that on the 27th day of March, 1911, the insured died intestate, leaving plaintiff in error as his only heir; that the deceased was solvent and owed no debts at the time of his death, and that no letters of administration had been granted upon the estate of the deceased. Plaintiff in error also filed five other special pleas to the declaration, to all of which the court sustained special demurrers.

Plaintiff in error, by its assignment of errors, challenges the ruling of the court in the sustaining of the demurrers only as to two of the special pleas, referred to in the record as the second and the sixth special pleas. The second special plea, omitting the formal parts thereof, avers that the policy of insurance in the plaintiff's declaration mentioned was issued to Edward J. Benes in consideration of the payment of $24.70, payable on the 12th day of January of each and every year during the life of the policy until payments for twenty full years had been made; that the alleged policy of insurance in plaintiff's declaration mentioned, among other conditions, provisions and agreements, contained the following:

"*Payment of premiums.*—All premiums are payable at the home office of the company in Lincoln, Nebraska, but will be accepted elsewhere when made in exchange for the company's receipt signed by the president or secretary. The delivery and acceptance of this bond is notice that each and every premium is due and payable at the dates named in this bond, and other and further notice is expressly waived. A failure to pay premiums or any indebtedness to the company when due shall render this contract void and all payments previously made shall be forfeited to the company, except as hereinafter provided."

The plea then continues with the further allegations that a premium of $24.70 was due on said policy on or before January 12, 1911, as provided for in the policy; that the same was not paid by Edward J. Benes or by any other person for him, but that he wholly neglected and failed to pay the same on or before said date or at any time since that date; that he failed to comply with the terms of the insurance policy in that regard and wholly failed and neglected to make said payment within the one month of grace provided in the policy, and that by reason thereof said policy was not in force and effect at the time plaintiff's suit was brought.

The sixth special plea, omitting the formal parts, charges, in substance, that the policy provided that upon the death of Edward J. Benes the sum of $1000 (the amount of said policy) should be payable, under the terms and conditions thereof, to the plaintiff, James C. Benes, if Edward J. Benes should die prior to James C. Benes and if all the terms, conditions and agreements of said policy of insurance should have been complied with by him; that on October 3, 1906, the plaintiff, by an instrument in writing, assigned all his right, title and interest in said policy to Edward J. Benes, to whom said policy was issued, by and with the knowledge and consent of the defendant; that on November 10, 1906, Edward J. Benes, with the knowledge and

consent of the defendant, by an instrument in writing directed that the amount of the insurance, in the event of his death, should be paid to his estate, and revoked any and all instructions that he might have theretofore given in regard to the payment of said policy; that on February 2, 1909, Edward J. Benes, by and with the consent of the defendant, directed, in writing, that the amount of said policy, in the event of his death, should be paid to Myrtle M. Collwell, of Table Rock, Nebraska, as her interest may appear, bearing the relation to Edward J. Benes of creditor, and revoking all instructions theretofore given by him in regard to the payment of said policy, and that by reason of said assignments, made with the knowledge and consent of the defendant, the plaintiff has no interest or right of action in said alleged policy of insurance.

The defendant in error offered evidence to the court to sustain his declaration, identifying himself as the beneficiary named in the policy and as the brother of the insured; that the insured died March 27, 1911; that he notified plaintiff in error, by letter, of the death of the insured and demanded payment; that on April 11, 1911, the company replied, merely informing him that the policy had lapsed for failure to pay the premium due January 12, 1911. The policy was introduced in evidence, together with letters of plaintiff in error, for the purpose of showing that it refused to pay the policy on the ground that it had lapsed for failure to pay the premium. Plaintiff in error offered no evidence whatever, having previously elected to stand by its second and sixth special pleas.

The sixth plea of plaintiff in error failed to show any interest or right of action on the policy of insurance by Myrtle M. Collwell, for the reason that it failed to state that there was any sum due her as creditor of the assured, either at the time of the assured's death or at the time the suit was brought. The assignment clearly shows by its language that the assignment to her was merely as collateral

security. The plea, however, does show that the legal title
to the policy was not in defendant in error but was in the
administrator or legal representative of the deceased at his
death by reason of the assignment of the policy by defend-
ant in error. Defendant in error could not recover on this
policy if there were any creditors of the estate whose in-
terests might be affected by the payment of the policy to
defendant in error. Where an insurance policy is payable
to the insured, or to his estate at his death, or where a pol-
icy payable to another person is duly assigned to the assured
or to his estate under the rules and by the consent of the
insurer, the personal representative of the deceased,—*i. e.*,
his executor or administrator,—is the proper party to sue
for and collect the amount of the insurance after the death
of the assured. (2 Bacon on Life and Accident Insurance,
sec. 556; *Rindge* v. *New England Mutual Aid Society,* 146
Mass. 286.) There can be no question that the creditor,
aided by section 18 of our Practice act, could maintain an
action on this insurance policy if the debt for which the
policy was assigned as collateral security was not paid, but
she would have to pay all of the judgment recovered by her
to the legal representative of the assured in excess of her
debt. (2 Bacon on Life and Accident Insurance, sec. 558.)
While the equitable title may be truly said to be in the de-
fendant in error and the creditors of the assured, if there
are any, yet the right of defendant in error to sue for and
recover on this insurance policy is still very questionable,
even with a showing that there are no creditors of the de-
ceased and that he is the only heir-at-law, etc. Section 18
of the Practice act does not expressly give him this right.
However, there arises another question on the sufficiency of
the sixth special plea that makes it unnecessary to further
construe section 18 of the Pratice act.

It is well settled that nearly every defense is admissible,
under the general issue or plea of *non assumpsit,* which
shows that there was not a subsisting cause of action in

282 – 16

the plaintiff at the time the suit was brought. A bankrupt or insolvent's discharge and the Statute of Limitations are among the very few exceptions to this rule. Under such general issue the defendant may put in issue the plaintiff's capacity to sue, the execution of the contract and the release and satisfaction and payment of the debt, if made previous to the commencement of the suit. (2 R. C. L. sec. 28, p. 770.) Whatever matter of defense was contained in the special plea, which plaintiff was bound to prove under the general issue, renders that plea subject to the objection that it amounted to the general issue and was therefore properly held demurrable by the court. *Wadhams* v. *Swan,* 109 Ill. 46.

The decisive question raised by this writ of error is as to whether or not the matter pleaded by plaintiff in error in its second special plea as a defense is admissible under the general issue, provided said plea was not bad on demurrer for any reason set forth in the special demurrer of defendant in error. Defendant in error correctly states the law applicable in this jurisdiction in his statement that when he introduced the policy sued on and reciting the payment of the first premium, made proof of the death of the assured, the giving of notice and furnishing of proofs of death to the company or a waiver of such proofs, and made proof that he was the person named in the policy, he showed a *prima facie* right of recovery against the plaintiff in error. (*Continental Life Ins. Co.* v. *Rogers,* 119 Ill. 474.) He is incorrect, however, in his contention that the defensive matter set forth in said special plea is provable under the general issue. The authorities on common law pleading do recognize and lay down the rule that the defendant is at liberty to plead any matter which does not amount to the general issue,—*i. e.,* any matter that the plaintiff is not bound to prove to maintain his case,—although such matter may be proved under the general issue. Chitty, after making such a statement in substance, further says that in actions of as-.

sumpsit, generally, all matters of discharge of the action may be pleaded specially. (1 Chitty's Pl. *515.) This court in several decisions has apparently recognized such practice, but held the evidence admissible either with or without such a plea by the defendant. Where a demurrer to such a plea, however, is sustained by the court on the ground that it amounts to the general issue or because the matter pleaded is admissible under the general issue, and opportunity is given the defendant to prove the matters under the general issue, he would have no cause for complaint at the overruling of the special plea, whether it amounted to the general issue or not. This court, however, is committed to the rule that the defense of forfeiture of an insurance policy by reason of the failure to pay subsequent premiums, or of the violation of other conditions subsequent, must be alleged by way of special plea and proved by a defendant insurance company. (*Continental Life Ins. Co.* v. *Rogers, supra; Modern Woodmen of America* v. *Davis,* 184 Ill. 236; *Helm* v. *Commercial Men's Ass'n,* 279 id. 570.) In many other jurisdictions the same rule has been laid down, and Bacon states that such is the well settled rule of pleading in such cases, and for that reason cites only a few of the authorities. (2 Bacon on Life and Accident Insurance, sec. 630; see, also, 25 Cyc. 920, 924.) The second special plea was a good plea and stated a good defense in bar of defendant in error's suit.

We cannot assent to the proposition laid down by defendant in error that there could be no forfeiture declared upon the policy unless there was a failure to pay more than one premium when due. The positive provision of the policy is, "a failure to pay premiums or any indebtedness to the company when due shall render this contract void." The plain meaning of that provision is, that all premiums must be paid when due and that all indebtedness must be paid when due. The failure to pay any premium when due is a failure to pay all the premiums, and any premium, when

due, is an indebtedness to the company within the meaning of that provision. The simple provision in a policy that it shall be invalid unless the premiums are paid when due is sufficient to work a forfeiture when one premium is not paid when due. (2 Bacon on Life and Accident Insurance, sec. 453, and authorities cited.)

It was not necessary, as contended by defendant in error, to expressly allege in the second plea that the default of the premium and the lapse of the policy occurred during the lifetime of the assured. The allegation in the plea that the premium due January 12, 1911, had not been paid at that time or since that time and was not paid within the month of grace provided for in the policy, and that by reason thereof said policy was not in force and effect at the time suit was brought, renders such an allegation unnecessary. No premium in the policy could become due after the death of the deceased, and the policy could not lapse by reason of the failure of the assured to pay any premium unless there was a failure to pay it in the lifetime of the assured and within the month of grace allowed by the policy.

By the sustaining of the demurrer to plaintiff in error's second plea it was warranted in standing by said plea and in declining to offer to introduce any evidence thereunder or to offer to introduce any evidence that would have been admissible under that plea. There was no intimation by the court, so far as the record shows, that it might introduce such evidence under the general issue. As it was not admissible under the general issue, plaintiff in error was warranted in the supposition that the court would not admit such evidence under the general issue. Plaintiff in error was therefore prevented from making its said defense by the action of the court in sustaining the demurrer.

The judgments of the circuit and Appellate Courts must therefore be reversed and the cause remanded to the circuit court.     *Reversed and remanded.*