## UNITED STATES v. WILSON.

### No. 8037.

Circuit Court of Appeals, Ninth Circuit.

Aug. 17, 1936.

James M. Simpson, U. S. Atty., of Spokane, Wash., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett and Randolph C. Shaw, Sp. Assts. to Atty. Gen., Tom De Wolfe, Sp. Asst. Atty. Gen., and George R. Stuntz, Asst. U. S. Atty., of Seattle, Wash.

Graham K. Betts, of Seattle, Wash., for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

Ephraim W. Wilson, a veteran of the World War, paid his insurance premiums on his $10,000 war risk insurance until January, 1926. On the 24th of February, 1930, the insured filed a claim with the United States Veterans' Bureau for a compensation for disabilities. In June, 1930, the Bureau held he had been suffering from compensable disability from June 1, 1921, and therefore, beginning July 31, 1930, paid compensation for total and permanent disability and also for one year prior thereto upon his rated disability. Section 210, World War Veterans' Act 1924, as amended by Act July 3, 1930, § 19 (38 U.S.C.A. § 499); section 310, War Risk Insurance Act, 40 Stat. 398, 408.

The veteran brought an action to recover for total and permanent disability which he claimed to have suffered from and after January 21, 1925 and for the recovery of the insurance premiums paid by him after that date. The complaint contained a second count which was subsequently abandoned, and, hence need not be considered further. A third count was based upon the provisions of a statute enacted by Congress in 1924, and amended in 1926 (section 305, World War Veterans' Act 1924, amended July 2, 1926, c. 723, § 16, 44 Stat. 799, 38 U.S.C.A. § 516) which, in case of total and permanent disability or death, permitted uncollected or uncollectible compensation to be applied as premiums to purchase such amount of insurance as the uncollected compensation "computed in all cases at the rate provided by section 302 of the War Risk Insurance Act as amended December 24, 1919, * * * would purchase if applied as premiums when due." Section 305, supra. After the institution of the action, the veteran died on January 25, 1933, and Grace I. Wilson, his widow, as executrix of his estate, was substituted as plaintiff. She filed an amended complaint in which she joined individually as the designated beneficiary of the insurance. This was a proper joinder. 38 U.S.C.A. § 445, 43 Stat. 1302, § 2, 43 Stat. 612, § 19. She prayed for judgment in her capacity as executrix against the defendant in the sum of $57.50 per month from July 16, 1928, to January 16, 1933, and prayed for judgment in her individual capacity for the sum of $57.50 per month beginning on the 16th day of February, 1933. It was stipulated during the trial that from June 1, 1921, to July 15, 1928, the veteran had been rated as 25 per cent temporary partial disability for compensation purposes, and that the uncollected compensation therefor was sufficient to continue the policy in force until July 7, 1927.

The case was submitted to the jury, which rendered the following verdict: "We the jury in the above entitled cause, find for the plaintiff and further find that total and permanent disability dates from January 1, 1927." We observe that this verdict does not fix the amount plaintiff should receive in her capacity as executrix, nor in her individual capacity, nor in which capacity it found for "plaintiff," nor in what amount. The court, however, subsequently entered judgment reciting that on the date of total disability January 1, 1927, there remained due and uncollected sufficient compensation "to pay all premiums due upon said policy of insurance, and it appearing that the said premiums, with interest thereon at the rate of five per cent, calculated according to the provisions of section 305 of the World War Veterans' Act, as amended, amount to $90.30, leaving a net insurance value of $9,909.70, payable at the rate of $56.98 per month." The court consequently ordered judgment in favor of the executrix of the last will and testament of Ephraim W. Wilson for the sum of $4,159.54, being the amount of installments due from January 1, 1927, to January 1, 1933, of $56.98 per month which had accrued to the decedent prior to his death. It was further ordered and decreed that Grace I. Wil-

son, individually, recover the sum of $1,-766.38 as beneficiary under the policy, being the amount of $56.98 per month commencing February 1, 1933, to and including August 1, 1935 (the day prior to entry of judgment).

On October 29, 1935, the appellant moved to amend the judgment by striking out the award of $4,159.54 to the executrix upon the ground that such judgment was not authorized by law.

The sole question sought to be presented by appellant is whether or not section 305 of the World War Veterans' Act, supra, authorizes the judgment in favor of the executrix. Appellant contends that it does not. This contention is founded upon the proviso of section 305, supra, with reference to the payment of insurance which has lapsed and which has been revived under the authority of that section. This proviso is as follows: "Provided, That insurance hereafter revived [after June 7, 1924] under this section and section 309 [section 516b of this title] by reason of permanent and total disability or by death of the insured, shall be paid only to the insured, his widow, child or children, dependent mother or father, and in the order named unless otherwise designated by the insured during his lifetime or by last will and testament."

The appellee contends that this question was not raised in the lower court until October 29, 1935, when the motion to strike out the portion of the judgment in favor of the executrix was made. This motion was presented after the judgment term had expired and was too late. Consequently, it is claimed this court cannot review, or at least must sustain, the action of the court in declining to strike out this portion of the judgment, for the reason that the trial court lost jurisdiction to amend the judgment when the term expired. It may be conceded that error cannot be predicated on the denial of the motion. The real question in the case, however, is whether or not the verdict in favor of the "plaintiff" for an undefined amount is sufficiently certain to support the two judgments entered.

If the verdict is not void for uncertainty, a point which is not raised, and upon which we express no opinion (see 64 C.J. 1071, § 875, notes 65, 66, 72, and § 877, notes 16, 18), it is because the law apportions the award in a sufficiently certain manner to

point to the proper segregation of the verdict for plaintiff. This question arises upon the face of the judgment roll, and therefore must be considered under the appellant's assignments of error.

Does the law authorize the judgment in favor of the executrix? The question thus presented resolves itself into the question of the significance to be attached to the word "only" in the above-quoted proviso of section 305, supra. The general rule of law is that payments due to a deceased individual may be paid to his estate.

The reports of the Congressional Committees of the Sixty-Ninth Congress which enacted the proviso in question, dealing with this matter, indicate that it was the intention of Congress to prohibit the payment of insurance benefits of the revived insurance where there is no immediate member of the insured's family and no beneficiary and no designation by will. (Note: House Report 1217, 69th Congress, First Session; Senate Report 1105, 69th Congress, First Session, Congressional Records, p. 12,092, 69th Congress, First Session, vol. 67, No. 11.)

The appellant states that the uniform construction of this statute by the department has been to exclude the estate of the deceased veteran from participation in the revived insurance, and therefore contends that this construction should be adopted by us. We have no means of knowing whether or not this has been the consistent policy of the department.

The government claims that the requirement that the amounts due the insured must be paid, "only" to the insured, etc. (section 16, amending section 305, c. 723, 44 Stat. 790, 799, supra, 38 U.S.C.A. § 516, supra), precludes the payment to the representative of his estate. The argument is plausible, but must fall before the express provision of section 26, which was amended by the same statute (44 Stat. 790, 792, § 3 [38 U.S.C.A. § 451]), that in case of the death of the insured before he has collected insurance due to him because of his total and permanent disability such sums "may be payable to the personal representatives of such person." This, by the terms of section 26, as amended, applies to payments due under title 3, or part 3,[1] which contains section 305 of the World War Veterans' Act.

---

[1] The statute refers to "Title III," 44 Stat. 790, 799, supra. The same sections in the Code, 38 U.S.C.A. § 451, refers to "Part 3."

In view of the fact that neither party mentioned section 26, supra, in his brief or argument, we called for supplemental briefs on the question of the applicability of that section to the problem of statutory construction (of section 305, supra) involved in the appeal. The appellant contends that section 305 in effect amends, modifies, or repeals by implication section 26, so far as payment to an executor is concerned. But both sections were amended by the same statute, and consequently must be construed together, and, so construed, there is no conflict between them. Indeed, as we have pointed out, section 26 expressly refers to section 305 (contained in part 3), and thus expressly directs the disposition of the fund payable to the insured in case of his death.

Affirmed.