## UNITED STATES v. CHAVEZ et al.
## CHAVEZ et al. v. UNITED STATES.
### Nos. 1416, 1417.

Circuit Court of Appeals, Tenth Circuit.
Dec. 10, 1936.

See, also, 74 F.(2d) 508.

Keith L. Seegmiller, Atty., Department of Justice, of Washington, D. C. (Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur . C. Pickett, Sp. Asst. to Atty. Gen., Fendall Marbury, Atty., Department of Justice, of Washington, D. C., and William J. Barker, U. S. Atty., of Santa Fe, N. M., and A. Gilberto Espinosa, Asst. U. S. Atty., of Albuquerque, N. M., on the briefs), for the United States.

Theo. E. Jones, of Albuquerque, N. M. (W. A. Keleher, of Albuquerque, N. M., on the brief), for Arthur Chavez et al.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an action to recover death benefits on a policy of war risk insurance for $10,000 issued to Fermin Martinez. Mary C. Martinez, a sister of the insured and the beneficiary designated in the policy, died intestate during the lifetime of the insured. The insured died intestate on December 28, 1919, without having designated a new beneficiary. On January 17, 1925, an award was made to Benicio Martinez as father of the insured. Monthly benefits of $57.50 were paid to Benicio Martinez for the period from January 14, 1920 to March 13, 1932. The award was cancelled and the payments discontinued when it was discovered that Benicio Martinez was not the father of insured. The sum of $345 was also paid to Benicio Martinez, as administrator of the insured's estate, for disability benefits which had accrued during insured's lifetime.

The insured and Mary C. Martinez were illegitimate children of one Anastascia Martinez. Juan J. M. Kelly and Arthur Chavez were the illegitimate children and surviving heirs of Mary C. Martinez. Kelly was born May 5, 1905, and died May 10, 1930. Arthur Chavez was born September 11, 1915. He is the sole heir of Kelly.

On November 16, 1932, Arthur Chavez, a minor, by Soledad Chavez as his guardian and Soledad Chavez as administratrix of the estate of Kelly, deceased, filed a claim with the Veterans' Administration for death benefits under such policy. Hurlburt, as administratrix de bonis non of insured's estate, filed a claim for such benefits on January 3, 1935. Both claims were denied on March 25, 1935.

Soledad Chavez as administratrix of the estate of Kelly, Arthur Chavez by Soledad Chavez as his guardian, and Hurlburt as such administratrix de bonis non, commenced this action on April 2, 1935.

The United States interposed motions to dismiss on the grounds, among others, that Arthur Chavez as heir of Mary Martinez and Kelly, and Soledad Chavez as administratrix of Kelly, were without legal right to maintain the action; that the right of action, if any, was in the personal representative of the insured; that the action by Hurlburt as administratrix de bonis non, was barred by limitation; that Arthur Chavez and Kelly were not legal heirs of their mother's illegitimate brother, the insured; and that the insured left no legal heirs.

The court sustained the motion as to Soledad Chavez as administratrix of Kelly.

Thereupon, evidence was introduced in behalf of the remaining plaintiffs. At the close of plaintiff's evidence, the United States announced it would introduce no evidence and renewed its motions. The court sustained the motion to dismiss as to Hurlburt as administratrix de bonis non, and directed a verdict in favor of Arthur Chavez by Soledad Chavez as his guardian, for one-half of the death benefits less the $345 paid to Benicio Martinez as administrator of insured's estate.

From a judgment awarding Arthur Chavez one-half of the death benefits less $345 and dismissing the complaint as to Soledad Chavez as administratrix and Hurlburt as administratrix de bonis non, the United States has appealed and the plaintiffs have cross-appealed.

18

Section 402 of the War Risk Insurance Act of June 25, 1918, 40 Stat. 615, in part provided:

"The insurance shall be payable only to a spouse, child, grandchild, parent, brother, or sister. * * * If no beneficiary within the permitted class be designated by the insured, either in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured, the insurance shall be payable to such person or persons within the permitted class of beneficiaries as would under the laws of the State of the residence of the insured be entitled to his personal property in case of intestacy."

The illigitimate children of Mary Martinez were not within the permitted class as defined in section 402, supra. However, by an amendment approved December 24, 1919, and effective as of October 6, 1917, the permitted class was enlarged to include "uncles, aunts, nephews, nieces, brothers-in-law and sisters-in-law of the insured." See 41 Stat. 375, § 13. The insured died subsequently to the approval of such amendment.

Section 14 of the amendatory Act of March 4, 1925, 43 Stat. 1310, 38 U.S.C.A. § 514, amending World War Veterans' Act 1924, § 303, reads:

"If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments, * * * there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award: * * * This section shall be deemed to be in effect as of October 6, 1917."

Construing section 14, supra, the court in Singleton v. Cheek, 284 U.S. 493, 52 S.

Ct. 257, 259, 76 L.Ed. 419, 81 A.L.R. 923, said:

"By that amendment, the rule, which, upon the happening of the contingencies named in the prior acts, limited the benefit of the unpaid installments to persons within the designated class of permittees, was abandoned, and 'the estate of the insured' was wholly substituted as the payee. All installments, whether accruing before the death of the insured or after the death of the beneficiary named in the certificate of insurance, as a result, became assets of the estate of the insured upon the instant of his death, to be distributed to the heirs of the insured in accordance with the intestacy laws of the state of his residence, such heirs to be determined as of the date of his death, and not as of the date of the death of the beneficiary. The state courts, with almost entire unanimity, have reached the same conclusion."

■ Congress had power to change the rights of beneficiaries after the death of the insured by an amendment to operate retrospectively. White v. U. S., 270 U.S. 175, 46 S.Ct. 274, 70 L.Ed. 530; Singleton v. Cheek, supra.

■ It follows, since the designated beneficiary did not survive the insured and no new beneficiary was designated, the death benefits, on the approval of the amendatory Act of March 4, 1925, became payable to insured's estate, to be distributed by the administrator of such estate, on receipt thereof, to the legal heirs of the insured, determined as of the date of his death and according to the laws of descent and distribution of the state of New Mexico.

■ When the insured, under a policy of life insurance payable to his estate, has died, the proper party to maintain an action on the policy is his personal representative; and such an action may not be maintained by the heir or heirs of insured.[1]

■ We conclude that Soledad Chavez, as administratrix of Kelly and Arthur Chavez

[1] McDaniels v. Western & Southern Life Ins. Co., 332 Ill. 603, 164 N.E. 192; Benes v. Bankers' Life Ins. Co., 282 Ill. 236, 118 N.E. 443, 445; Lewis v. Metropolitan Life Ins. Co., 178 Mass. 52, 59 N. E. 439, 86 Am.St.Rep. 463; Stowe v. Phinney, 78 Me. 244, 3 A. 914, 57 Am. Rep. 796; Bailey v. New England M. L. Ins. Co., 114 Mass. 177, 19 Am.Rep. 329; Simmons v. Morgan's Louisiana & T. R. R. & S. S. Co., 10 La.App. 97, 120 So. 537; Brown v. Mutual Life Ins. Co. of N. Y., 146 Ga. 123, 90 S.E. 856; Meriwether v. Metropolitan Life Ins. Co., 44 Ga.App. 596, 162 S.E. 421; Walton v. Metropolitan Life Ins. Co., 207 Mo.App. 296, 232 S.W. 259, 260; Manning v. Prudential Ins. Co., 202 Mo.App. 124, 213 S.W. 897, 899; Bomar et al. v. United States (D.C.) 12 F.Supp. 881.

by Soledad Chavez as his guardian, are not entitled to maintain this action.

Section 19 of the World War Veterans' Act, 1924, as amended (38 U.S.C.A. § 445), in part reads:

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after the date of approval of this amendatory Act [July 3, 1930], whichever is the later date: * * * Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director."

■ Viewing the claim as one for the present value of all of the death benefits, the "contingency on which the claim is founded" would be the death of the insured which occurred on December 28, 1919. The administratrix de bonis non filed a claim on January 3, 1935, and commenced this action April 2, 1935, both long after the cause of action on such claim had become barred by limitation.

Counsel for Hurlburt as administratrix de bonis non, urge that such contingency did not arise until March 13, 1932, when the award to Fermin Martinez was cancelled and payments to ·him discontinued. They base this contention on the following proviso in section 14 of the Act of March 4, 1925, 43 Stat. 1310 (38 U.S.C.A. § 514):

"Provided, That all awards of yearly renewable term insurance which are in course of payment on the date of the approval of this Act [March 4, 1925], shall continue until the death of the person receiving such payments, or until he forfeits same under the provisions of this Act [chapter]. When any person to whom such insurance is now awarded dies or forfeits his rights to such insurance then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person." (Italics ours.)

They urge that the claim of the estate of insured did not arise until the payments to Fermin Martinez were discontinued; and that the claim was filed and the suit commenced within the statutory period thereafter.

Forfeit means to lose, in consequence of breach of contract, neglect of duty, or offense, some right, privilege or property to another or to the State.[2]

■ As used in the proviso above quoted, it means some act or omission which, under the provisions of the act, forfeits the right to insurance benefits. As for example, "open and notorious illicit cohabitation of a widow who is a claimant."[3]

■ Fermin Martinez did not forfeit any right to insurance benefits. Such a right never existed. The benefits were not forfeited, but payments thereof were discontinued when it was discovered he was not the father of insured and, therefore, not entitled to the benefits.

To apply the proviso to a case where the benefits were being paid to one not entitled thereto, on the cessation of such payments, would result in injustice to the rightful claimants. It would absolve the government from liability to the extent of the payments improperly made and the balance would be paid, not to the rightful beneficiary—if there should be one—but to the insured's estate. We do not think Congress intended to effect such a result. We conclude the proviso does not apply in the instant case.

---

[2] In re King Motor Co., 292 U.S. 48, 52, 54 S.Ct. 567, 569, 78 L.Ed. 1116; State v. Baltimore & O. R. Co., 12 Gill. & J. (Md.) 399, 432, 38 Am.Dec. 319; Myers v. State, 47 Tex.Civ.App. 336, 105 S.W. 48, 50; Casey v. St. Louis Transit Co., 116 Mo.App. 235, 91 S.W. 419, 423; Newlove v. Mercantile Trust Co. of San Francisco, 156 Cal. 657, 105 P. 971, 973; McCulloch v. Murphy (C.C.) 125 F. 147, 150; Webster v. Dwelling House Ins. Co., 53 Ohio St. 558, 42 N.E. 546, 547, 30 L.R.A. 719. 53 Am.St.Rep. 658; Cassell v. Crothers. 193 Pa. 359, 44 A. 446, 447; Commonwealth v. French, 130 Ky. 744, 114 S.W. 255, 256, 17 Ann.Cas. 601.

[3] Section 22 (5) of the Act of October 6, 1917, 40 Stat. 401, provided: "And the open and notorious illicit cohabitation of a widow who is a claimant shall operate to terminate her right to compensation or insurance from the commencement of such cohabitation."

While this provision was not carried into the World War Veterans' Act, 1924, the right of the United States to enforce prior forfeitures was preserved by title 6, § 603 thereof (38 U.S.C.A. § 572).

20

We deem it unnecessary to discuss the other questions presented in the briefs.

The judgment is affirmed as to Soledad Chavez, as administratrix and Helen Hurlburt, as administratrix de bonis non; it is reversed as to Arthur Chavez by Soledad Chavez as his guardian with instructions to grant the United States a new trial. The costs will be assessed against Helen Hurlburt, as administratrix, and Soledad Chavez, as administratrix and guardian.