## UNITED STATES v. FULLER et al.*

No. 8759.

Circuit Court of Appeals, Fifth Circuit.

June 21, 1938.

Keith L. Seegmiller, Atty., Department of Justice, of Washington, D. C., and Malcolm E. Lafargue, Asst. U. S. Atty., of Shreveport, La., for the United States.

Thos. W. Leigh, of Monroe, La., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The judgment, on a war risk insurance policy, was in favor of the beneficiary and of the heirs of the insured. This appeal seeks its reversal as to the judgment in favor of the heirs for a combined amount of more than $1000. Two points are made. One is, that the Federal statutes, in granting the right to sue, to the personal representatives of the deceased, limit it to them and therefore only personal representatives may, and heirs may not, sue on a war risk insurance contract. The other is that if heirs may ever claim and sue on such a contract, the court was without jurisdiction of this suit as to the claim of the heirs, for no claim has been made to, and no disagreement with, the Veterans Administration has been had, on their behalf as heirs.

Appellees admit that none of the heirs, except the deceased veteran's mother, who was and claimed as beneficiary in the policy, filed a claim with the Veterans Bureau. They urge, however, that the claim of the beneficiary was the same, except as to particular installments, as that of the heirs, and that the claim she filed and the disagreement had with her was a sufficient claim and disagreement for jurisdiction of the suit, equally as to installments accruing before, and those accruing after, the insured's death.

■ Upon the other point appellee makes against the judgment, that installments accruing before the insured's death are payable under the statute to the insured's estate, and that suit for them can be maintained, not by the heirs, but only by the personal representatives of the insured, appellees concede that generally it has been so decided. Singleton v. Check, 284 U.S. 493, 52 S.Ct. 257, 76 L.Ed. 419, 81 A.L.R.

923; McCullough v. Smith, 293 U.S. 228, 55 S.Ct. 157, 79 L.Ed. 297; United States v. Chavez, 10 Cir., 87 F.2d 16; Dowell v. United States, 5 Cir., 86 F.2d 120; United States v. Wilson, 9 Cir., 85 F.2d 444. They insist, however, that these decisions were all rendered in cases arising in common law states, that they were all decided under the common law rule, that personal property of the deceased, including rights and credits, vests not in the heirs, but in the administrator. They urge that in Louisiana an intestate's succession vests in the legal heirs by operation of law, at the instant of the death of the deceased; that in that State where a succession owes no debts, and the estate is accepted unconditionally by the heirs, no administration is necessary, indeed, an administrator may not be appointed, Succession of Watkins, 156 La. 1000, 101 So. 395; and that the institution of a suit, claiming title to property by inheritance from a deceased person, is an unconditional acceptance by the heirs. Griffing v. Taft, 151 La. 442, 91 So. 832. They argue, therefore, that there being no administration, it must be held that the insured's heirs were the proper ones to bring suit in Louisiana, for installments accruing before his death. We do not think so.

 We agree with appellant that Sec. 451 Title 38 U.S.C.A., providing for payment to the personal representatives of the person entitled to receive the same, of monthly installments not paid prior to his death when the combined amounts are more than $1000, and Sec. 514 of the same title, providing for payment to the estate of the insured, at once grant and limit to personal representatives, the sole and exclusive right to claim and sue for such payments, excluding heirs. The reason is not far to seek. Such claims have their basis and foundation in the Federal statutes, which, creating the claims and the conditions under which they may be maintained, completely govern and control their presentation as claims, and suits brought upon them, against the United States. McCullough v. Smith, supra; Dowell v. United States, supra; United States v. Barker, 5 Cir., 70 F.2d 1002; Smallwood v. United States, 4 Cir., 91 F.2d 287; United States v. Chavez, supra; Lemmie Butler, Jr., v. United States, D.C., 23 F. Supp. 143; c/f In re Estate of Jacob Hallbom, 179 Minn. 402, 229 N.W. 344, and In re Harris' Estate, 179 Minn. 450, 229 N.W. 781, holding that persons entitled

to the payments the War Risk Insurance Act provides for, "do not take as heirs * * * but take as beneficiaries under the War Risk Insurance Act and under the contract between the government and the soldier." (page 783).

In this view, then, that plaintiffs may neither claim nor sue as heirs, the other point appellant makes against the judgment, that they have not shown the existence of the prerequisite disagreement, becomes hypothetical and abstract, and we neither need to nor should, consider or decide it.

Because appellees who sued as heirs, are without standing to claim or sue, the judgment in their favor is reversed, and their suit is dismissed. The judgment in favor of the beneficiary is, however, affirmed.

Reversed in part and affirmed in part.